[No. 6369. Decided June 20, 1907.]

MARY HESTER, *Respondent*, v. O. M. STINE, *Appellant*.[1]

HUSBAND AND WIFE—SEPARATE PROPERTY OF WIFE—RENTS AND PROFITS—DEBTS OF HUSBAND. Barley raised upon the real estate purchased by a wife with her separate funds, is her separate property, where she conducted the farming of the land in her own name and in her separate interest without any assistance from her husband, who was away most of the time and largely indebted at the time of his marriage.

SAME—ACTIONS—RIGHT OF WIFE TO SUE—REPLEVIN—COMPLAINT— SUFFICIENCY—AFFIRMATIVE DEFENSE—REPLY. In an action of replevin by a married woman under statutes authorizing her to acquire, hold and sue for property as if she were unmarried, a com-

[1]Reported in 90 Pac. 594.

plaint alleging that she was the owner and entitled to the posses-
sion of the property is sufficient without deraigning her title; and
an answer that she was a married woman and that the "property
had been acquired since the marriage" states no affirmative defense,
and requires no reply from her showing that she acquired the prop-
erty as separate property.

APPEAL—REVIEW—HARMLESS ERROR—AMENDMENTS TO CONFORM TO
PROOF. If a complaint in replevin is faulty in not deraigning the
plaintiff's title, and the court refuses a request for an amendment to
cure the defect on the ground that the amendment is essential, the
defendant cannot be misled, and the supreme court will on appeal
consider the amendment made to conform to the proof.

Appeal from a judgment of the superior court for Co-
lumbia county, Miller, J., entered March 29, 1906, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action of replevin. Af-
firmed.

*R. F. & R. M. Sturdevant,* for appellant.
*Will H. Fouts,* for respondent.

DUNBAR, J.—Action in replevin for the recovery of per-
sonal property. The suit was brought by respondent, Mary
Hester, for the recovery of the possession of several hundred
sacks of barley, or for the value thereof in case recovery could
not be had. The respondent was a married woman, but the
complaint was in the ordinary form, not disclosing the fact
that she was a married woman, but alleging ownership and
right of possession, demand, and refusal. The answer of the
sheriff, appellant here, set up the fact that the property was
taken under execution; also alleging that the plaintiff was the
wife of one R. M. Hester, and that they had been living to-
gether in the community for a period of about ten years; and
alleged the other ordinary facts in defense of an officer's
right to take the property under execution. There was no
reply to the answer, and motion was made by the defendant
for a judgment on the pleadings, for the reason that the
answer affirmatively set forth a full and complete defense to

the cause of action, and that there had been no reply filed thereto. This motion was overruled, the cause proceeded to trial, and the court found, among other things, that the plaintiff was a married woman; that at the time of her marriage she was possessed of separate property to the amount of $2,200 in money, and twenty-five head of horses, and some promissory notes, and that at the time of her marriage her husband, Robert M. Hester, had no property and was largely in debt; that the plaintiff afterwards purchased the land upon which the barley was raised, and said land was paid for by the plaintiff out of her separate means and property; that the said barley was raised on said real estate, and was the rents, issues and profits thereof during the year 1903; that the indebtedness and judgment upon which the execution issued under which the barley was levied upon was the separate debt of the husband R. M. Hester, contracted prior to his marriage with the plaintiff, and that the barley at the time of the commencement of the action was of the value of $656.71. From such facts the court announced its conclusions of law, to the effect that the said real estate and the said barley raised thereon were the separate property of the plaintiff Mary Hester; that she was entitled to a judgment for the return of the barley described in her complaint, and in case delivery could not be had, to a judgment for the sum of $656.71, the value thereof, with legal interest and costs. The plaintiff excepted specially to all the findings of fact made by the court, and to the conclusions of law.

It is plain from the testimony in this case that there was no commingling of separate and community property, which would bring it within the rule announced in *Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398. Unquestionably the respondent purchased the land upon which the barley was raised with her own separate money, earned by teaching school, clerking in stores, and working upon a farm, prior to her marriage. She conducted the farming of the land in her own name and in her own separate interest, and without any

assistance from her husband, who was most of the time absent from the state. The barley was deposited in her own name, and was in reality her separate property. The facts found by the court are so plainly established by the proofs that we do not deem a special review or analysis of the testimony necessary. Conceding the correctness of appellant's contention that where the property is acquired after marriage the burden of proof is upon the one alleging its separate character, we think the proof in this case is ample to sustain such burden.

But it is contended by the appellant that the court should have sustained his motion for judgment on the pleadings, for the reason that the complaint did not contain any allegation of coverture or separate interest in the property in litigation, and that the answer of the sheriff showed a justification for the taking, and alleged that the respondent was the wife of one R. M. Hester, that they had been living together in the relation of husband and wife for about ten years, and that the property seized by him had been acquired by the said R. M. Hester and respondent since their marriage. The appellant is mistaken as to the allegation of the answer in this respect. The record shows that the allegation is, not that the property had been acquired by the said R. M. Hester and respondent since their marriage, but "that the said personal property had been acquired since the marriage of plaintiff and said R. M. Hester," and, of course, it is true that the particular property, to wit, the barley, had been acquired since that time. But the respondent alleged that she was the owner of it and was entitled to its possession, and the allegation of the answer, that the respondent was a married woman—which allegation was not denied—could not, under our laws, work a deprivation of respondent's right to sue for her own property. Bal. Code, § 4502 (P. C. § 3863), provides that every married person shall hereafter have the same right and liberty to acquire, hold, enjoy, and dispose of every species of property, and to sue and be sued, as if he or she were unmarried. In this case the respondent, in conformity

with this law, sued as if she were unmarried.  Section 4504
(P. C. § 3873), provides that contracts may be made by a
wife and liabilities incurred, and the same may be enforced
by or against her, to the same extent and in the same manner
as if she were unmarried; and § 4505 (P. C. § 3868), goes
to the extent of authorizing a husband and wife to sue each
other.

In the light of these provisions, it seems certain that the
wife in this instance had the undoubted right to sue for the
recovery of her property.  Nor was she compelled, under the
broad provisions of the law, to plead more specifically than
she did.  A case which cannot be distinguished in principle
from the one under consideration is *Freeburger v. Caldwell*,
5 Wash. 769, 32 Pac. 732.  There, as here, the action was
by a married woman to recover the possession of personal
property, and the defendant justified his taking by answering
that he was a constable and had served a lawful writ of at-
tachment upon the property; also alleging, as the officer does
in this case, that one of the plaintiffs was a married woman.
Upon this state of facts appearing, the court rendered judg-
ment for the defendant, on the ground that, since one of the
alleged partners was a married woman, there was shown by the
pleadings a want of legal capacity to sue in the plaintiff, for
the reason that it was not pleaded that the wife acquired her
interest in the alleged partnership property through one of
the channels through which the statutes of this state provide
that a married woman may have separate property.  The
judgment of the court was reversed, for the reason that, under
the liberal provisions of our statutes concerning the right of
married women to do business for themselves, they should not
be required to deraign their title when they sued for the pos-
session of property and alleged ownership.

But even if the complaint could be held to be faulty in this
particular, when the question was raised the plaintiff asked
leave to amend her complaint, setting up ownership of the
property in her own separate right.  This request was refused,

the trial court deeming the complaint sufficient. So that the appellant was not misled as to the true issues presented, and under such circumstances, this court, if it deemed it were necessary, would consider the complaint amended to correspond with the proof.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, FULLERTON, MOUNT, CROW, and ROOT, JJ., concur.