[No. 13562. Department Two. January 4, 1917.]

ANNA M. CARLSON, *Respondent*, v. NELLIE REA, *Appellant*.[1]

HUSBAND AND WIFE — SEPARATE PROPERTY OF WIFE — EVIDENCE — SUFFICIENCY. Property acquired by a wife during coverture, purchased by her with her separate funds without any contribution thereto by her husband, is her separate property; and her testimony to that effect is sufficient to overcome the presumption that it was community property.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 8, 1915, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Million & Houser*, for appellant.

*Hayden, Langhorne & Metzger*, for respondent.

MOUNT, J.—This action was brought by the respondent to quiet title to certain real property against the claim of the appellant. When issue was joined, the case was tried to the court without a jury, and resulted in a judgment in favor of the respondent as prayed for in the complaint. The defendant has appealed from that judgment. There is no substantial dispute in the testimony, which shows the following facts:

On the first day of November, 1909, the appellant procured a judgment for the sum of $366.35, and costs, against Charles F. Carlson, the husband of the respondent. This judgment was based upon a promissory note, executed by Mr. Carlson on the 26th day of February, 1909. In that action, although the respondent was named as a defendant, she was not served with process and there was no allegation in the complaint seeking to charge her with personal liability. She did not appear in the action and no judgment was taken against her. Judgment was entered against her husband, Charles F. Carlson, alone. Thereafter, in February, 1915,

[1]Reported in 161 Pac. 1195.

an execution was issued upon that judgment and levied upon the property in question. The property was sold under that writ and bid in by the appellant.

This action was brought by the respondent to remove the cloud caused by the sale under that judgment. The respondent claimed that the property in question was her separate property, and testified that, upon coming to this state in the year 1895, she brought with her about $400 which was her separate property; that she invested this money in real estate the title to which was taken in her own name; that this real estate was afterwards sold at an advance, and the proceeds thereof invested in other real estate the title to which was taken in her own name, and the proceeds of that property was invested in the property in dispute, which also was taken in her own name and which was held by her of record, in her own name, at the time the execution was levied thereon. She also testified that Mr. Carlson had contributed nothing to the acquisition of the property, but that the property is the proceeds of her separate property.

Several questions are presented in the briefs which it will not be necessary to notice. We are satisfied, from a reading of the record, that the property in dispute is the separate property of the respondent and is not the community property of respondent and her husband. In *United States Fid. & Guar. Co. v. Lee*, 58 Wash. 16, 107 Pac. 870, at page 22, we said:

"Where property is acquired during marriage, the test of its separate or community character is whether it was acquired by community funds and community credit, or separate funds and the issues and profits thereof; the presumption always being that it is community property, but this presumption may be rebutted by proof."

And in *Guye v. Guye*, 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186, we said, at page 352:

"Moreover, the right of the spouses in their separate property is as sacred as is the right in their community property,

and when it is once made to appear that property was once of a separate character, it will be presumed that it maintains that character until some direct and positive evidence to the contrary is made to appear."

In *Meyers v. Albert*, 76 Wash. 218, 135 Pac. 1003, we said, at page 222:

"Where money earned in a foreign jurisdiction is brought to this state and invested in real property, the title to the property purchased inures to the person whose money was invested therein."

So it is plain that the property in question in this case, having been purchased by the separate funds of the wife and title taken in her name, is her separate property and not subject to the debts of either the community or the separate debt of the husband. The only evidence we find in the record in this case which tends, in any way, to show that this property is the community property of the respondent and her husband is the mere fact that it was acquired during coverture; and also that the husband at one time joined in a mortgage executed by the wife upon the property, but the presumptions which arise from these circumstances are subject to be rebutted by proof, and, in this case, were clearly rebutted by the testimony of the respondent upon that question.

We are satisfied that the trial court arrived at the correct conclusion, and the judgment appealed from is therefore affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and FULLERTON, JJ., concur.