[No. 16294.  Department One.  March 29, 1921.]

Louis A. Merrick, as Trustee, etc., Appellant, v. William H. Appenzeller et al., Respondents.[1]

Husband and Wife (20)—Separate Property of Wife—Evidence—Sufficiency. The presumption that property acquired by the wife during marriage is community property is overcome by evidence showing she had several thousand dollars before marriage, that she acquired three thousand more by inheritance and insurance proceeds; that she invested this money in business and purchased real estate from the profits of the business; and that the property which it is sought to subject to community debts was paid for by trading in her separate realty and by application of her separate funds derived from gift, inheritance and insurance.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered August 10, 1920, upon findings in favor of the defendants, in an action to subject property to the jurisdiction of the bankruptcy court for the benefit of creditors, tried to the court. Affirmed.

Frank F. Swale and Leopold M. Stern, for appellant.

Sherwood & Mansfield and Edgar C. Snyder, for respondents.

Holcomb, J.—This is an action to subject two certain lots in the city of Everett to the jurisdiction of the bankrupt court for the benefit of creditors of the

[1]Reported in 196 Pac. 629.

respondents, who have been adjudged bankrupts, as being their community property.

Respondents alleged that the property sought to be seized was the separate property of Harriet H. Appenzeller, the wife of William H. Appenzeller, the other respondent, and not community property. Appellant excepted to the finding by the court that the real estate in controversy is the separate property of the wife member of the community, having been purchased with her separate funds.

It appears from the evidence that respondents were married in 1895, and have ever since lived together as husband and wife. The trial court summed up the facts upon "clear and convincing evidence" that, when the defendants were married, the defendant, Mrs. Appenzeller, owned some two or three thousand dollars; that she subsequently inherited one thousand dollars from her deceased brother prior to the purchase of the property in question; that she acquired two thousand dollars from an endowment policy of insurance which she had prior to marriage; that she purchased the rooming house in Seattle with her separate money, when she went into the rooming house business in Seattle; that she purchased the property which she traded for the Everett property with money she made from her rooming house so purchased, and from money which she received by gift, devise, or insurance.

It is also shown by the evidence that the investments made by Mrs. Appenzeller were made independent of the advice of her husband, and that the only person who advised with her was her father; that her money was always deposited in the bank to her own account and that she kept her income separate from her husband's; that, during a large part of the time when she was engaged in operating the lodging houses, her husband was in the east.

The trial court decided that he could not distinguish the facts in this case from those in *Hester v. Stine*, 46 Wash. 469, 90 Pac. 594, where the wife member of the community owned a farm which she purchased with her own separate money earned by teaching school, clerking in stores, and working on the farm prior to marriage, and conducted the farming of the land in her own name and in her own separate interest and without any assistance from her husband, who was, most of the time, absent from the state; that she disposed of the proceeds of the farm herself. The court found in that case that there was no commingling of the separate and community property which would bring it within the rule in *Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398. Nor are we able to distinguish this case from that. There was no commingling of the funds of the wife as her separate funds with those of the community. We have held in *Meyers v. Albert*, 76 Wash. 218, 135 Pac. 1003, and in *Carlson v. Rea*, 94 Wash. 218, 161 Pac. 1195:

"Where money earned in a foreign jurisdiction is brought to this state, and invested in real property, the title to the property purchased inures to the person whose money was invested therein."

To the same effect see also: *Boyd v. Bondy*, 113 Wash. 384, 194 Pac. 393.

The burden of overcoming the community property presumption was amply sustained by the facts in this case.

The judgment of the trial court is right and is affirmed.

Parker, C. J., Fullerton, Mackintosh, and Bridges, JJ., concur.