[No. 17006.  Department Two.  March 23, 1922.]

MURRY JACOBS, *Appellant,* v. RALPH H. HOITT *et al.,*
*Respondents.*[1]

HUSBAND AND WIFE (47-1)—COMMUNITY PROPERTY—ACQUIRED BE-
FORE MARRIAGE.  The status of a bakery plant and business acquired
before marriage by the use of separate funds and the pledging of
separate credit is separate property.

SAME (51, 56)—COMMUNITY PROPERTY—CONFUSION OF FUNDS—
PROFITS OF SEPARATE BUSINESS.  Profits from the husband's separate
business, increased by the labor and effort of husband and wife,
constitute community property, to the extent of such earnings,
where they can be separated; but money in the bank which it is
impossible to segregate as to its sources, so confused that it cannot
be apportioned, will be regarded as community property in view of
the presumptions and favor of the law in which it is regarded.

SAME (51, 56).  Where a husband had put $8,000 of separate
funds into a bakery plant before marriage, and, after the community
was created, $6,000 was added which could be presumed to be com-
munity property, eight parts of the present value of the plant can be
said to be separate property and six parts, community property.

SAME (58, 60)—COMMUNITY PROPERTY—PRESUMPTIONS—EVIDENCE
—SUFFICIENCY.  The presumption that property, once separate, re-
mains so, will not be overthrown by an alleged understanding be-
tween husband and wife, in the absence of any agreement between
them to that effect, especially as against existing creditors.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered November 12, 1921,
upon findings in favor of the defendants, in an action
on promissory notes and to subject property to the
lien of a judgment, tried to the court.  Reversed.

*Gates & Helsell,* for appellant.
*Ryan & Desmond,* for respondents.

MACKINTOSH, J.—The appellant loaned to the re-
spondent Ralph H. Hoitt, $5,300, prior to October 1,
1918, and in this action recovered judgment upon the

[1]Reported in 205 Pac. 414.

notes representing the loan. Ralph H. Hoitt was married to the respondent Elizabeth G. Hoitt on December 3, 1918. The loans by the appellant constituted separate debts of Ralph H. Hoitt. The only question in the case before us is as to the collectibility of the appellant's judgment from property which the respondents claim is community property, but which the appellant claims is the separate property of the husband.

The facts in regard to this property are as follows: In the year 1918, prior to his marriage, Ralph H. Hoitt had decided to engage in the bakery business under a then new baking system, and in order to undertake such business considerable capital was needed, which he obtained by borrowing it from his mother, the amount totalling $8,892.50. Of this sum he used $5,000 in purchasing the privilege of using the oven devices known as the "Chatterton system" and of conducting business under that name. He spent some $1,450 for ovens and mixers, paid $892.50 deposit on the lease, and the balance was used in furnishing counters, showcases, etc. Hoitt had theretofore been employed as a travelling salesman, earning less than $3,000 a year. With the aid of Mrs. Hoitt he so conducted his new business that it was very successful, so much so that by July 1, 1919, he repaid his mother the amount of her loan. He thereafter bought some $5,000 or $6,000 worth of new equipment, and out of the business paid the expenses of himself and his family, and had remaining in the bank as profits $4,118, which the appellant has garnished in this action.

The business for the three years before this trial made a profit of approximately $30,000. The greater portion of this, however, was made in the year 1919, for during that time the respondents had no competition in the use of the so-called "Chatterton system."

Subsequently some dozen competitors entered the business and the respondents' profits were greatly reduced.

It is the appellant's claim that the money in the bank and the bakery business, machinery, equipment and supplies should be held to be the separate property of the respondent Ralph H. Hoitt and subject to the satisfaction of the judgment secured by the appellant. The respondents' contention is that all of this property is community property.

The status of property is to be determined as of the date of its acquisition. If acquired before marriage, either by the use of separate funds or the pledging of separate credit, the property is separate property and remains so unless changed by agreement of the parties or operation of law, and we take it there is no distinction in this regard between real and personal property, though, of course, the evidence of a change of status of real property would, in ordinary circumstances, be more susceptible of positive proof than such a change in personal property.

The respondent Ralph H. Hoitt secured the property which he converted into the bakery business before his marriage by contracting a debt, and this was his separate obligation, and if the only property now owned by the respondents consisted solely of the property acquired by the use of the money borrowed from Hoitt's mother, it would be a simple matter to determine that that property was the separate property of Ralph H. Hoitt. *Hester v. Stine*, 46 Wash. 469, 90 Pac. 594; *Katterhagen v. Meister*, 75 Wash. 112, 134 Pac. 673; *In re Finn's Estate*, 106 Wash. 137, 179 Pac. 103; McKay, Community Property, § 209.

The rule is that the rents, issues and profits of separate property are separate property. Section 5915, Rem. Code (P. C. § 1432); *Hester v. Stine, supra.* The

complication arises in this case from the fact that the separate property did not produce, in and of itself, all of the profits which accrued to the business. These profits were increased by the labor and effort of the husband and wife, whose earnings after their marriage, of course, constituted community property. The difficulty here is to apportion those profits between the original separate property and the subsequent community earnings. The appellant contends that the work and efforts of the community should not be said to be worth more than $12,000 for the three years, for the reason that the husband had never earned more than $3,000 a year prior to undertaking this business, and that the balance of all of the profits should be held to have been the result of the separate investment, and points to the fact that it was really the possession of an exclusive right to use a new system of baking that resulted in the profit from the undertaking, as was demonstrated by the fact that, when competition arose, the profits were materially decreased, although the labor and effort of the members of the community were the same as they had been when the profits were larger. This argument does not strike us, however, as being convincing and we do not believe that the profits can be separated on that basis. It would seem to us that it is not only equitable, but is supported by the facts, to hold that so much of the profits, at least as they were represented by the amount which Hoitt repaid to his mother, were profits from the original investment, which would confirm the original investment as separate property, although the decisions would seem to indicate that the paying off of separate obligations by community funds would not change the status of the property, acquired by the creation of the obligation, from separate to community property.

In regard to the money in the bank, it is impossible to segregate that as to its sources. Its separate and community natures have become so confused that the court cannot apportion them, and the favor with which community property is regarded and the presumptions in favor of it are such that we must agree with the trial court that these funds in bank are the property of the community and not subject to the appellant's judgment.

Regarding the plant and its equipment, the testimony is that the original investment of separate funds going into it amounted approximately to $8,000, and that money put into it after the creation of the community to add to the plant and equipment amounted to some $6,000. Presuming that this amount of profit from the business was a portion of that which was the result of the work and efforts of the community, we arrive at the conclusion that eight-fourteenths of the value of the bakery business, equipment, machinery and supplies are the separate property of the respondent Ralph H. Hoitt. The testimony shows that this property, which includes the right to use the "Chatterton system", is now worth approximately $25,000. Eight-fourteenths of this property is amenable to the appellant's judgment.

Respondents make some argument that, by agreement between Hoitt and his wife, what may have been his separate property was converted into property of the community, and rely upon the case of *Volz v. Zang*, 113 Wash. 378, 194 Pac. 409, which reviews the many previous decisions of this court on the subject. There is no question that community may be changed into separate property and separate into community property, but we find nothing in the evidence to show that any agreement was ever made between the husband and wife as to the status of the bakery business. Further-

more, this argument could hardly be effective to deprive the appellant, who was an existing creditor at the time, of the right to collect that debt from what was then separate property. *Marsh v. Fisher,* 69 Wash. 570, 125 Pac. 951; *Lanigan v. Miles,* 102 Wash. 82, 172 Pac. 894. The presumption is that property which was once separate maintains that character until there is positive testimony to the contrary. *Sherlock v. Denny,* 28 Wash. 170, 68 Pac. 452; *Guye v. Guye,* 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186.

The respondents cite the case of *In re Buchanan's Estate,* 89 Wash. 172, 154 Pac. 129, and place reliance upon it in support of their contention, arguing that the decision in that case would force the affirmance of the judgment here. A reading of this case, however, does not convince us that that argument is sound. The court there held that what were contended to have been the profits and gains of separate property were not the rents, issues and profits of that property, but were the result of the personal efforts of one of the spouses, although the separate property in a measure contributed to such gains, and held:

"But where a small original investment of separate funds is united with the personal efforts of a member of the community, and therefrom profits and gains to the extent of some twenty-fold are returned, the property being personal and undergoing many changes, we know of no other rule by which the question of such gains being community or separate property can be determined other than by taking into account the relative contributing force of the original investment and the personal efforts of a member of the community. The authorities do not furnish us much light upon this question, in so far as decisions directly in point are concerned."

As we read it, that decision merely holds that, in the case before the court, it was impossible to say

with any degree of certainty what proportion of the income of the community had been contributed by the original separate property. In the case before us, although the exact ratio between the return from the separate property investment and the return from the community efforts is not subject to mathematical determination, yet we are satisfied that at least the amount which we have found was used in paying off the separate indebtedness was the earning from the separate property, and the division between the separate and community nature of the present business is subject to what appears to us a mathematical determination. In the *Buchanan* case, the original separate investment was so insignificant a contribution to the then value of the property that it could be ignored. Here we have a substantial capital investment which was separate property. While in the *Buchanan* case there was a commingling of separate and community property which made it impossible to segregate them, here there is no such commingling of the plant and business as to render segregation impossible.

The judgment below must be reversed, in so far as it attempts to relieve the franchise, equipment and bakery business from subjection to appellant's judgment by declaring it community property.

PARKER, C. J., HOLCOMB, MAIN, and HOVEY, JJ., concur.