[No. 19142. Department One.    September 29, 1925.]

## TENA M. ZINTHEO, *Appellant,* v. B. F. GOODRICH RUBBER COMPANY *et al., Respondents.*[1]

HUSBAND AND WIFE (86)—COMMUNITY DEBT—RIGHT OF ACTION BY WIFE. The wife, suing to quiet title in her own right, cannot question the validity of a judgment rendered against the community and her husband only; since it does not affect her separate estate, and, as against the community, the attack must be by the community.

SAME (51, 53)—COMMUNITY PROPERTY—COMMUNITY AND SEPARATE FUNDS. Where property was purchased for $4,000, and paid for by $1,000 of the wife's separate estate, and mortgage notes for $3,000 by the community, it was one-fourth separate property and three-fourths community property.

HUSBAND AND WIFE (58) — COMMUNITY PROPERTY — EVIDENCE — STATUS WHEN ACQUIRED. The status of property at the date of its acquisition cannot be changed by the use made of the rentals.

TAXATION (118)—PAYMENT OF TAX—RIGHT OF RECOVERY—VOLUNTARY PAYMENT. In quieting title to plaintiff's lot, as against a purchaser at sheriff's sale, judgment is properly allowed to defendant for taxes paid by him while holding a deed, claiming ownership; and he is not a volunteer or intermeddler in paying such taxes.

COSTS (13)—PERSONS LIABLE—DISCLAIMER OF INTEREST. In an action to quiet title, it is error to award costs against defendants who disclaimed any interest and against whom no damages were awarded.

HUSBAND AND WIFE (76)—COMMUNITY DEBTS—PROPERTY SUBJECT TO LIABILITY—MORTGAGE LIEN. Where property purchased for $4,000 was paid for by $1,000 of the separate property of the wife, and

[1]Reported in 239 Pac. 391.

mortgage notes of the community for $3,000, the mortgage, as between the estates, is to be first paid from the community interest, before resort to the separate estate.

Cross-appeals from a judgment of the superior court for King county, Frater, J., entered October 14, 1924, upon findings granting plaintiff partial relief, in an action to quiet title, tried to the court. Modified as to separate property and costs.

*John W. Whitham,* for appellant.

*Wright & Catlett* and *Haight & Haight,* for respondents.

ASKREN, J.—Plaintiff brought an action to quiet title to two pieces of real estate, claiming them as her separate property. From a judgment granting her relief as to one and denying recovery as to the other, she has appealed. The defendants have cross-appealed as to that portion of the judgment granting plaintiff relief. The facts in this case are substantially as follows:

Appellant, after her marriage, negotiated for the purchase of one of the pieces of property in question, which will hereafter be referred to as lot 5. This property was purchased for a consideration of $4,000. One thousand dollars came from appellant's separate funds, and the balance of $3,000 was raised by the execution of a mortgage by the community on the property for $2,500, and five notes of $100 each, signed by the community. Thereafter payments were made on the notes and mortgage until about January 21, 1922, and with $1,600 still remaining unpaid, a new mortgage was executed by the community upon the property for the sum of $3,000. At the time of the trial, there was approximately $2,200 due. The last mortgage also included the other property here in

controversy.  This new mortgage was placed thereon to raise funds to pay community debts.

Appellant and her husband were, for some time prior to 1917, the owners as a community of the other piece of property in question, which will be referred to as lot 9.  It was incumbered by a mortgage of $1,000, which, together with unpaid interest, taxes and assessments, made the total near $2,000.  The mortgage was held by the Ellis estate, of which Hannah Gillette was administratrix and also an heir.  The community being unable to pay the mortgage, suit was brought to foreclose, and finally a deed was tendered by the community to the administratrix of the estate and was accepted in full satisfaction after approval by the court.  This deed was dated January 13, 1917.  Lot 9 was thereafter distributed to Hannah Gillette and her two sisters, who later by deed transferred their interest to Hannah Gillette.  On May 5, 1917, appellant having received an inheritance from her father's estate, purchased from Hannah Gillette lot 9 for the sum of $2,000.

In 1922, the B. F. Goodrich Rubber Company, a corporation, secured a judgment against appellant's husband, C. J. Zintheo, and against the community.  The judgment not being paid, execution was issued and both pieces of property here in question were sold at sheriff's sale to the judgment creditor.  One year later, the judgment debtor not having redeemed, the sheriff issued his deed to the properties, which were thereafter transferred to Emmons and wife, and by them to Brand and wife.  After the institution of this action, Brand died and Harris was substituted as administrator.

The court, after hearing, quieted title in the appellant as to lot 9: in respondent Harris, administrator,

as to lot 5; held that the mortgage for $3,000 given in 1922 and which covered both properties should be paid first from lot 5, and gave Harris judgment for $90.80, representing taxes paid on lot 9.

It is the contention of appellant that the court erred in not holding the judgment invalid, and that even if the judgment be valid, the property was separate and not liable therefor. But appellant cannot in this proceeding question the validity of the original judgment. It ran against the community and C. J. Zintheo only and was not a separate judgment against her. This suit is brought by her in her own right to quiet title to this property. If it be separate, the judgment cannot affect it. If it be community, then an attack on the judgment must come from the community or C. J. Zintheo, the only ones affected thereby.

The contention that the court erred in holding lot 5 to be community property must be sustained in part. The facts heretofore referred to establish that, when this property was purchased at a price of $4,000, one thousand dollars was paid with separate funds of appellant, and $3,000 by a mortgage and notes of the community. We do not think that the evidence in this case justifies the assumption that appellant was the sole purchaser of the property and that the community merely loaned its credit to her. Therefore, we must hold that, at the time of its acquisition, it was one-fourth separate and three-fourths community. We have heretofore held that the character of property is to be determined as of the date of its acquisition, and that unless such action is taken thereafter as destroys its character it remains the same. *In re Buchanan's Estate,* 89 Wash. 172, 154 Pac. 129; *Jacobs v. Hoitt,* 119 Wash. 283, 205 Pac. 414; *In re Carmack's Estate,* 133 Wash. 374, 233 Pac. 942.

While it is true that the rental of this property and the money received from re-mortgaging it were used to pay community debts, and for community purposes, that does not in any wise destroy its character as of the date of its acquisition; and the use made of the rentals, while of assistance perhaps in determining the character of the property if there were a dispute as to its status at the time of acquisition, can in no wise change the character of the original interest. We think, therefore, that the court erred in holding that the whole of this property was community property, and we conclude that its status is one-fourth separate property of appellant Zintheo and three-fourths community.

Appellant also contends that the court should not have given judgment for taxes in favor of Harris. It seems to be contended that, since the evidence shows that they were paid by Emmons, grantor of Harris, Harris cannot recover. Emmons makes no claim for them, and since he transferred all his right by deed to Brand, we think Brand's administrator is entitled to recover. It is also contended that the payment of taxes was voluntary and that cross-appellants in paying the same were intermeddlers. It can hardly be seriously urged that one holding a deed to property and claiming ownership is an intermeddler in paying the taxes assessed and delinquent thereon.

Cross-appellants insist that the court erred in holding that lot 9 was the separate property of appellant Zintheo. They believe that a fair construction of the evidence would lead to the following conclusion: that, at the time the community deeded lot 9 to Mrs. Gillette, appellant Zintheo knew that she would soon receive an inheritance from her father; that there was a secret understanding that the Zintheos should deed the prop-

erty to the Ellis estate so it could be closed, and that thereafter the property would be re-deeded to the Zintheos upon the payment of the amount due; and therefore the purported deed to the Ellis estate was, in effect, a mortgage, which was satisfied by the payment of $2,000, and the deed then given by Hannah Gillette to appellant Zintheo became the property of the community.

This involves a careful weighing of the evidence, and our conclusion is that, while there are many circumstances which might give color to this belief, appellant Zintheo and Mrs. Gillette both testified that there was no such understanding, and the court had the advantage of hearing and seeing the witnesses, and the evidence as a whole does not preponderate against its findings in this respect.

Cross-appellants Goodrich Rubber Company and Emmons complain of judgment against them for costs. The amended complaint sought to quiet title and asked also for money damages. The Goodrich Rubber Company and Emmons both answered, disclaiming any interest in the property in question at the time of the suit or subsequently. Since they claimed no interest and no damages were awarded against them, any judgment for costs as to them was erroneous.

Cross-appellants also urge that the court should not have ordered that the balance remaining upon the $3,000 mortgage given to the Washington Mutual Savings Bank should first be paid from the community property. But in this we think the court was correct. This is not an attempt to adjudicate the rights of the bank, the holder of the mortgage, but only the rights of the parties to the controversy, and since the mortgage was placed thereon for community purposes, it is neither unjust nor inequitable that, as between the

parties, the community property should be required to pay the debt created for its benefit, before resort is had to the separate estate of appellant Zintheo.

Other assignments of error raised by the appellant are not discussed, either because we deem them without merit, or because they do not come within that portion of the judgment appealed from.

The judgment is reversed, with instructions to modify the same in accordance with this opinion. Cross-appellants Goodrich Rubber Company and Emmons will recover costs in this court against appellant Zintheo, and she will recover costs against respondents Harris and Brand.

TOLMAN, C. J., PARKER, and MAIN, JJ., concur.