[No. 21518.   Department Two.   May 9, 1929.]

G. E. SALISBURY *et al., Respondents,* v. MAUDE MEEKER, *Appellant.*

MAUDE MEEKER, *Appellant,* v. G. E. SALISBURY *et al., Respondents.*[1]

*Elias A. Wright* and *Sam A. Wright,* for appellant.
*Smith & Matthews,* for respondents.

MAIN, J.—This action was brought by the plaintiffs, as husband and wife, to restrain the defendant from impounding, by writ of garnishment, community funds in satisfaction of a separate judgment against the husband. The cause was tried to the court without a jury and resulted in findings of fact and conclusions of law sustaining the prayer of the complaint. Judgment was entered restraining the defendant from tying up com-

[1]Reported in 277 Pac. 376.

munity funds in satisfaction of a separate obligation of the husband, from which judgment the defendant appeals.

The facts are these: Since the year 1925, the respondent G. E. Salisbury had been engaged in business under the name of the Union Roofing and Supply Company. October 19, 1926, while in pursuit of the business, he committed a tort which resulted in a personal injury to the appellant, Maude Meeker. December 6, 1926, Miss Meeker instituted an action against him which was pending December 31 of that year, when he and Mrs. Salisbury were married. Sometime thereafter, the action was tried, and resulted in a judgment against Mr. Salisbury in the sum of $2,300. At the time of his marriage, Mr. Salisbury owned in his separate right the business of the Union Roofing and Supply Company and the equipment which he used in the business, which consisted of shovels, brooms, wheelbarrows, kettles and buckets. In addition to this, there was some office furniture of no great value. His assets at the time of marriage were of the value of approximately $500. After his marriage, Mr. Salisbury pursued the roofing business as he had done prior thereto. March 15, 1928, Miss Meeker caused a writ of garnishment to be issued upon the judgment in her favor, and served upon a bank in which the respondents had $772 to their credit. This money was from jobs which had been completed during the prior sixty days. No part of it had been contracted for or earned prior to the marriage of the respondents.

The question is whether the money impounded by the garnishment was the separate funds of Mr. Salisbury or community funds of himself and wife. It will be assumed that he was conducting, at the time of his marriage, under the name of the Union Roofing and Supply Company, an established business which

had substantial value. This business, however, did not, within itself, have the potential power to produce rents, issues or profits. Whatever was produced was the result of the personal efforts of Mr. Salisbury, assisted by his wife, who had charge of the office subsequent to their marriage, as she had prior to that time. The money impounded, being the result of the personal efforts of the respondents, and not rents, issues and profits produced by the separate estate of Mr. Salisbury at the time of his marriage, was community funds.

In *In re Buchanan's Estate,* 89 Wash. 172, 154 Pac. 129, where the original investment of separate funds in personal property was small, and there was a large increase in the value of the property, principally due to the personal efforts of the husband, and it was difficult to ascertain the true proportion of the original investment as compared with the value of the property at the time of the wife's death, it was held that the property had ceased to be separate and had become that of the community. It was there said:

"These observations, we think, in any event, lead to the conclusion that the gains and profits produced by the personal efforts of appellant, though added to, in a measure, by the original investment, become community property."

In the present case, if it be conceded, without so deciding, that a part of the money garnisheed was the result of an established business, the separate property of the husband at the time of his marriage, and that this business contributed to the fund in question, the result would be the same, because there is no way of segregating the portion of the fund produced by the business from the portion that was produced by the personal efforts of Mr. Salisbury. In *Jacobs v. Hoitt,* 119 Wash. 283, 205 Pac. 414, it was said:

"In regard to the money in the bank, it is impossible to segregate that as to its sources. Its separate and community natures have become so confused that the court cannot apportion them, and the favor with which community property is regarded and the presumptions in favor of it are such that we must agree with the trial court that these funds in bank are the property of the community and not subject to the appellant's judgment."

The judgment will be affirmed.

MITCHELL, C. J., PARKER, FRENCH, and MILLARD, JJ., concur.