# Richmond.

## BOHMER & OSTERLOH v. CITY BANK OF RICHMOND.

### April 26th, 1883.

1. BANK STOCK—*Lien of bank—Charter—Assignee—Case at bar.*—Charter of bank incorporated in 1870, provided that "the bank shall have a lien prior to all others upon any stock held by a stockholder for *any debt* of said stockholder to said bank." The stock certificates contained no notice of this lien, but declared that they were "transferable only on the books of the bank, in person, or by attorney, on the surrender of the certificate." A stockholder, J., indebted to the bank, borrowed money from a third person, and gave him the certificate as collateral, with power of attorney to transfer the stock. J. became bankrupt, and *then* lender applied to the bank to transfer the stock. Bank refused so to do, until paid its debt due from J.

HELD:

    1. The act of 1870, Acts 1869–70, page 488, incorporating this bank, superseded the general law as to chartered companies, providing for the transfer of stock, and gave the bank the *prior* lien for *any* debt due it from a stockholder, on his stock; which lien was not waived by leaving the certificates outstanding.

    2. In this case the lien of the bank upon the stock, was, under its charter, paramount to that of the lender to J., and the bank had the right to be first satisfied before transferring the stock to the lender. If lender chose to hold the stock, he held subject to the bank's lien.

    2. Persons dealing with a corporation must take notice of, and are effected by the provisions contained in its charter.

Appeal from decrees of chancery court of Richmond city, rendered one on 12th May, 1880, the other on 6th July, 1880, in the cause therein pending wherein the City Bank of Richmond was the plaintiff, and the National Bank of Virginia, H. Bohmer

and A. Osterloh, surviving partners of themselves and F. W. Hanewinckel, late partners in the name of Fr. Wm. Hanewinckel & Co., and Robert S. Chamberlyne and F. M. Garnett, assignees in bankruptcy of William M. Jones, bankrupt, were defendants.

The object of the suit was to enforce the lien which the bank claimed by virtue of a peculiar provision in its charter, for the debt due it from William M. Jones, upon one hundred shares of its stock held by Jones, who, whilst so indebted, borrowed money from the National Bank of Virginia and from Hanewinckel & Co., and deposited with each a certificate for fifty shares of the said stock, with powers of attorney to transfer same. The certificates contained no notice of the lien or debt of the bank, but only declared that they "were transferable only on the books of the .bank, in person, or by attorney, on surrender of the certificate." The loan of the National Bank to Jones was on 15th July, 1875; that of Hanewinckel & Co. to him was on 27th September, 1875. Jones failed in business, and was adjudged a bankrupt on 12th March, 1877. After his failure, the lenders applied to the city bank to transfer the stock. The city bank refused so to do until paid the debt Jones owed it, which amounted to something over half the value of the one hundred shares of stock. The lenders then declined to surrender the certificates, and this suit was brought to compel such surrender. The chancery court held that the City Bank had a prior lien on the Jones stock for the debt due it from Jones, and that the stock last assigned was first liable to satisfy that lien. From this decree the surviving partners of the firm of F. W. Hanewinckel & Co. obtained an appeal to this court. The National Bank of Richmond did not appeal.

*H. H. Marshall,* and *Johnston, Williams & Boulware,* for the appellants.

*O. G. Kean, Christian & Christian, Leake & Carter,* and *James Alfred Jones,* for the appellee.

LACY, J., delivered the opinion of the court.

F. W. Hanewinckel & Co. on the 27th of September, 1875, lent to Wm. M. Jones & Co. the sum of $1,100, and took for security for the said loan a certificate issued by the City Bank for fifty shares of its capital stock and a power of attorney to transfer said stock; the stock appearing upon the face of the certificate to be "transferable only on the books of the bank in person or by attorney on the surrender of the certificate." The said Hanewinckel & Co. did not present the said shares of stock to the said bank and cause them to be transferred on the books of the bank either in person or by attorney, but held them until after the failure of Jones & Co., in the year 1877; and when they were then presented to the bank, after the failure of Jones & Co., the bank informed them that the bank had a lien on the stock in question for a debt of Jones & Co. due the said bank, and refused to transfer the stock to the said assignees of Jones. In the year 1878 the City Bank brought its suit in chancery in the chancery court of the city of Richmond against the said Hanewinckel & Co., the National Bank of Virginia, and the assignees in bankruptcy of Jones, to assert its lien on the stock in the hands of Hanewinckel & Co. and on fifty other shares in the hands of the said National Bank of Virginia, and to compel the surrender to the said bank of the shares so held, so far as the same might be necessary to pay off the lien of the bank for the debt due to it by the said Jones & Co.; and on the 6th of July, 1880, the chancery court decreed accordingly, distributing the proceeds of the stock of Jones, first, to pay off the debt due the bank, and afterwards to the assignees of the stock according to the priority in time of their assignment. From this decree appellants appealed to this court. By the charter of the said City Bank it is provided that the said bank shall have a lien prior to all others upon any stock held by any stockholder for any debt said stockholder may owe to the bank, and no stockholder is permitted to make a

transfer until his debt to the bank shall be paid, or secured to be paid to the satisfaction of the board of directors of the bank, and the stock is made transferable on the books of the bank only on the production and surrender of the certificate, and this was expressed on the face of the certificate of stock in question.

The appellants insist that under the twenty-ninth section of chapter fifty-seven of the Code of 1873 they took the legal as well as the equitable title to the stock in question by virtue of the said assignment, and they cite the case of *Bank* v. *Lanier*, 11 Wallace, 374, and the case of *Bullard* v. *The Bank*, 18 Wallace, 589. But the general law as to chartered companies, providing for the transfer of stock, had been superseded by the act of 1870 incorporating the said City Bank, and of this act and the said charter of the said bank, they were bound to take notice when they undertook to deal with the stock of the said bank. See Angell and Ames on Corporations, section 355. It would have been a simple act of diligence for the appellants to have presented their certificate and applied for the transfer under and in accordance with the terms of the charter. If they chose to hold and not transfer the stock of the bank, they must hold the same subject to the lien of the bank under its charter. The bank was not bound to call for a surrender of its certificates of stock when it made a loan to its stockholders. The certificates gave notice to all holders how the transfer of the same could be completed, and the act of assembly incorporating the bank in question gave it the prior lien, which was not waived by leaving the certificates outstanding. See *Petersburg Savings and Insurance Company* v. *Lumsden*, 75 Virginia, 340.

As to the cases named above of *Lanier* v. *Bank*, in 11 Wallace, and *Bullard* v. *Bank*, 18 Wallace, they in no way apply to this case. There, under the act of incorporation by which the banks came into being, the banks were expressly forbidden to discount, upon the faith of their stock, for their stockholders. And so marked is the policy of congress on this subject, that it does not allow a bank to become the purchaser or holder of its

shares at all, except to save a debt previously contracted, and then to hold the same only for six months. The banks are expressly prohibited from making any loan or discount on the faith of their stock, and their loans did not give a lien on their stock.

But the case in hand is wholly different. In this case the bank is given, by express mandate of the law of its existence, a prior lien on the shares of its stockholders for all loans or discounts to them, and the chancery court did not err in decreeing the first lien on the stock of Jones & Co., to be in the bank so far as its loans and discounts to Jones & Co. were concerned.

And the said decree of the chancery court must be affirmed.

DECREE AFFIRMED.