[No. 16060.    Department One.    December 13, 1920.]

BERTHA VOLZ, *Appellant*, v. JOHN ZANG, *Respondent*.[1]

HUSBAND AND WIFE (63, 64)—COMMUNITY PROPERTY—CONVEYANCES BETWEEN HUSBAND AND WIFE—EFFECT. It is the policy of the community property law, Rem. Code, §§ 5916, 5925, 5927, to give effect to conveyances between husband and wife, and thereunder separate property of either may be changed to community property by a proper agreement.

Appeal from a judgment of the superior court for King county, Hall, J., entered February 17, 1920, upon findings in favor of the defendant, in an action to quiet title, after a trial to the court on the merits. Affirmed.

*Thos. F. Somers,* for appellant.

*Morris & Shipley* and *Paul S. Dubuar,* for respondent.

MACKINTOSH, J.—John and Martha V. Zang, then husband and wife, on February 16, 1915, entered into the following agreement:

"Know all men by these presents:—That I, John Zang of the city of Seattle, county of King, and state of Washington, husband, and Martha V. Zang, of the same place, wife, for and in consideration of the love and affection we each bear, one toward the other, and further, in consideration of the mutual helpfulness we have been one to the other in the past, and for and in consideration of the co-mingling of our joint efforts and earnings and properties heretofore, do hereby mutually agree one with the other that every piece, parcel, lot and tract of land, whether situated in the city of Seattle, or elsewhere, and each and every part of the personal property, whether situated in the city of Seattle, or elsewhere, and each and every particle of mixed property wheresoever situated, shall be by us and all other persons whomsoever, deemed, esteemed,

[1]Reported in 194 Pac. 409.

regarded, treated and known as community property. In this agreement so made one with the other, the date of acquiring, the manner of acquiring and all statements by either of us heretofore made respecting alleged separate property, or affecting any property, is to be regarded and esteemed as of no effect, the full intent and purpose of this instrument is to be construed by the courts, our heirs, executors and assigns and by all other persons whomsoever, as a voluntary conveyance from one to the other and unitedly to the community all of our earthly possessions in such form and manner that the same shall from this date be the property of the community of ourselves as husband and wife."

This agreement was signed by both parties and duly acknowledged.

At that time, John Zang was the owner of certain real estate, which he held as his separate property, and Martha V. Zang was the owner of certain other parcels of real estate which were her separate property. On January 24, 1916, Martha V. Zang died intestate. The appellant in this action was her mother, who is claiming an interest in the real estate which was, she contends, the separate property of Martha V. Zang; her claim being that the agreement of February 16, 1915, could not have the effect of changing the separate property of the Zangs into community property, for the reason that the purchase, sale, disposition and status of real property in this state is regulated by statute; and that community property cannot be acquired except as provided in § 5917, Rem. Code; and there being no statute allowing husband and wife to create community property by contract, or to change separate property into community property by deed, that the agreement as set out is ineffectual.

In this case there is no question of the rights of creditors or the interests of any third persons to be

affected. If the appellant's contentions are right, she would be entitled to certain rights in the property of her daughter as her heir, but if her contentions are incorrect, the entire estate goes to the respondent, the husband. The agreement expressly provides that

"the full intent and purpose of this instrument is to be construed by the courts, our heirs, executors and assigns and by all persons whomsoever, as a voluntary conveyance from one to the other and unitedly to the community."

The intention of the parties is clear and beyond the shadow of question, and if this conveyance is a nullity it is impossible for the members of the community to change the status of their separate property into that of community property. In *Yoakam v. Kingery*, 126 Cal. 30, 58 Pac. 324; *In re McCauley's Estate*, 138 Cal. 432, 71 Pac. 458; and *Title Ins. & Trust Co. v. Ingersoll*, 153 Cal. 1, 94 Pac. 94, the supreme court of California has held that a deed from husband or wife was sufficient "to transmute the separate estate of either of them into community property, if it was properly executed." Sections 158 and 159 of the California Code provide:

"Either husband or wife may enter into any engagement or transaction with the other, or with any person, respecting property which either might if unmarried . . . ." (§ 158.)

"A husband and wife cannot, by any contract with the other, alter their legal relations, except (1) as to property. . . ." (§ 159.)

Our statutes are not identical with those of California; but under our statutes, the rights of husband and wife are no more restricted than those enjoyed under the California statutes. Section 5915, Rem. Code, provides:

"Property and pecuniary rights owned by the husband before marriage, and that acquired by him after-

ward by gift, bequest, devise or descent, with the rents, issues and profits thereof, shall not be subject to the debts or contracts of his wife, and he may manage, lease, sell, convey, encumber or devise, by will, such property without the wife joining in such management, alienation, or encumbrance, as fully and to the same effect as though he were unmarried."

Section 5916, Rem. Code, reads:

"The property and pecuniary rights of every married woman at the time of her marriage, or afterward acquired by gift, devise, or inheritance, with the rents, issues and profits thereof, shall not be subject to the debts or contracts of her husband, and she may manage, lease, sell, convey, encumber or devise by will such property, to the same extent and in the same manner that her husband can, property belonging to him."

Section 5925, Rem. Code, is as follows:

"Every married person shall hereafter have the same right and liberty to acquire, hold, enjoy and dispose of every species of property, and to sue and be sued as if he or she were unmarried."

Section 5927, Rem. Code, provides:

"Contracts may be made by a wife, and liabilities incurred, and the same may be enforced by or against her to the same extent and in the same manner as if she were unmarried."

It would seem from these statutes that the husband and wife have been given a right to deal in every possible manner with their property. Broad, general powers are given which must include the lesser and more restricted powers. Moreover, this court has already indicated that the husband or wife may change the status of separate property to community property. In *In re Buchanan's Estate,* 89 Wash. 172, 154 Pac. 129, this court said:

"We are unable to gather from these observations of the court any rule more favorable to counsel's con-

tention than that specific real or personal property once becoming separate property remain so, unless by voluntary act of the spouse owning it its nature is changed.''

In *Guye v. Guye,* 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186, we said:

''We think the statute meant to declare that a specific article of personal property, or a specific tract of real property, once the separate property of one of the spouses, no matter how it may fluctuate in value, remains so, unless, by the voluntary act of the spouse owning it, its nature is changed.''

Here, by the voluntary act of the parties, their separate property was conveyed to the community. The appellant argues that, by virtue of § 5919, Rem. Code, which provides that husband and wife may enter into an agreement as to the status or disposition of their community property to take effect upon the death of either, the only contract allowed between husband and wife with reference to real property is that provided in this section. This court, however, has held that community property, both real and personal, has been changed to separate property irrespective of any reference to § 5919.

In *Dobbins v. Dexter Horton & Co.,* 62 Wash. 423, 113 Pac. 1088, an oral agreement that a wife's personal earnings should be her separate property was sustained. In *Gage v. Gage,* 78 Wash. 262, 138 Pac. 886, a similar agreement was pronounced valid. In *Union Securities Co. v. Smith,* 93 Wash. 115, 160 Pac. 304, Ann. Cas. 1918E 710, an oral agreement was involved which provided that all property acquired by husband and wife should be their separate property. This court said, ''Such agreements, made after marriage and mutually observed, are valid.''

In *Lanigan v. Miles,* 102 Wash. 82, 172 Pac. 894, the property was purchased by the community and the deed taken in the name of the wife. The court held that the property became the separate property of the wife by virtue of an agreement between the husband and wife, and that he should have no interest in it. This court said:

"Reference to the opinions of this court will show that we have built up two lines of decisions covering the right of one or the other of married persons to assert a separate interest in property. In the one line, the court has had to do with the claims of creditors or the interests of third persons having some tangible equity in or lien upon the property sought to be recovered or levied upon. In the other line, the court has had to deal with husband and wife as free contracting agents, unhampered and unhindered by the claims of creditors or by any one having direct interest in, or lien upon, the property. In all of the first line of cases, the court has had to deal with circumstances which, if unexplained by testimony at once clear and convincing, would amount to badges of fraud. In the second line of cases it appears that a husband and wife may freely contract, or give one to the other, and thus provide for the holding of property then or thereafter to be acquired as a separate estate."

These cases hold that community property may be changed to separate property regardless of § 5919, Rem. Code. If this is so, the converse must be true, that separate property may be changed by a proper conveyance or agreement into community property. The policy of the law is in favor of community property, and there is no provision in the law operating against the agreement of February 16, 1915, taking effect as it was intended.

Moreover, separate property has often been held to have been changed into community property by reason or its having been commingled with community prop-

erty; and, also, property once separate has been held
to have become community under the doctrine of estop-
pel. If the law allows separate property to be changed
by commingling or estoppel, it should be allowed to
change when the parties intend such a change to take
place and evidence this intention by a conveyance, con-
forming in all essentials to the requirements of the
law affecting the transfer of real property.

For the reasons stated, the judgment of the lower
court is affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and PARKER,
JJ., concur.