[Civil No. 3008. Filed July 3, 1931.]

[300 Pac. 1007.]

WILLIS S. BROWN, Appellant, v. KITTY BROWN, Appellee.

Mr. Thorwald Larson, Mr. Joseph M. Holub and Mr. Thomas A. Flynn, for Appellant.

Mr. Frank Harrison and Mr. Isaac Barth, for Appellee.

LOCKWOOD, J.—Kitty Brown, hereinafter called plaintiff, brought suit in the superior court of Coconino county against Willis S. Brown, hereinafter called defendant, praying for a divorce on the ground of cruel treatment and outrage. Defendant answered denying those allegations, and cross-complained, also asking for a divorce for the misconduct of plaintiff. The court made no findings of fact, but rendered a judgment, which reads in part as follows:

"This cause having been heretofore presented to the Court, the parties hereto being present in person and being represented by their respective counsel, and each of said parties having presented to the Court testimony and other evidence in support of their respective pleadings, and the matter being submitted to the Court, and the Court being fully advised in the premises:

"It Is Hereby Ordered, Adjudged and Decreed,

"1. That the bonds of matrimony now and heretofore existing between Kitty Brown, Plaintiff in the above entitled cause, and Willis S. Brown, Defendant in the above entitled cause, be and they are hereby forever dissolved: . . . "

The balance of the judgment was devoted to an adjudication of property rights, alimony, and the custody of the children. After the usual motion for a new trial was overruled, defendant appealed from the judgment.

There are some fifteen assignments of error, which we shall consider on the legal propositions raised, and not *seriatim*. The first is that no valid decree of divorce was ever rendered in the case. This is based upon the theory that the judgment above set forth does not specify the grounds upon which it was rendered, or whether the decision is in favor of plaintiff

or defendant. It is urged by counsel for defendant that such a judgment is void on its face.

The general rule is that a judgment which does not show for and against whom it is entered will be void for uncertainty. *Shriver et al.* v. *Superior Court*, 48 Cal. App. 576, 192 Pac. 124; *Ferrell* v. *Simmons*, 63 W. Va. 45, 129 Am. St. Rep. 962, 59 S. E. 752; 15 R. C. L. 592.

The reason for the rule is obvious; ordinarily a judgment cannot be enforced unless it shows in whose favor it is, and against whom it is rendered. In a divorce case, however, when both parties ask for a divorce and it is granted, the fact that the judgment does not show on whose petition it was allowed does not affect its enforceability, for such a judgment always has the same legal effect; both parties are divorced.

The judgment above set forth is definite and certain as to its effect, and we think that, since the reason for the general rule does not exist, in such cases it should not be applied thereto, and that it is unnecessary to the validity of a divorce decree under our law that the court state the reasons which impelled it to dissolve the bonds of matrimony. If our statute, like those of some other states, provided for a special penalty for the guilty party, the situation would be different, but the result is the same for both, and no uncertainty in the decree is caused by its failure to state on whose petition it was granted.

It is urged by defendant that if the court believed both parties had sustained their allegations no decree should have been granted, because of recrimination. This is undoubtedly the law, but we must presume, since the court did render a judgment of divorce, that it believed recrimination did not exist. It is doubtless true that it would have been a great satisfaction to the innocent party in this case to have it judicially

declared that the other was at fault, but while this might have been advisable, a failure to do so does not affect the validity of the decree.

The next question we consider is the alleged abuse of discretion by the court in refusing to grant a continuance of the trial at the request of defendant. It is not necessary that we pass on this point, for it appears clearly in the record that while a continuance was at first requested, yet defendant and counsel employed by him during the course of the trial in effect waived this request, and agreed to proceed with the trial, without insisting upon a continuance.

The third, and (judging from the briefs and the record) the real point in controversy between the parties is as to the court's action in determining the separate and community property, and dividing it. It is the contention of defendant that practically all the property described in the decree of divorce is his separate estate, and that the court was without jurisdiction to assign any portion of such estate to plaintiff.

Section 2182, Revised Code of 1928, reads, so far as material, as follows:

"Section 2182. Disposition of property; decree may be made lien on separate property. On entering a decree of divorce the court shall order such division of the property of the parties as to the court shall seem just and right, according to the rights of each party and their children, without compelling either party to divest himself or herself of the title to separate property. The court may, however, fix a lien upon the separate property of either to secure the payment of any interest or equity that the other party may have in or to such separate property, or any equity that may arise in favor of either party out of their property during the existence of the marriage relation, or to secure the payment of an allowance for the support and maintenance of the wife or minor children of the parties. . . . "

It appears therefrom that the court is without jurisdiction to divest either spouse of his or her separate estate for the benefit of the other, though it may impose a lien on the separate estate as security for the payment of alimony, etc.

The decree provides no alimony for the wife, though it orders defendant to pay to her for the support of the minor children the sum of one hundred dollars per month. The property division, therefore, was not based on alimony. If, therefore, the property found by the court to be community estate was in reality the separate property of defendant, the decree, in so far as it awarded plaintiff any interest therein, was erroneous, and should be set aside. If, on the other hand, it was as a matter of fact and law community estate, then the court could divide it as seemed just and right, subject to review by us only for an abuse of discretion.

In determining whether or not property is community or separate, there are certain general principles of law established for the guidance of the court. We have reviewed these principles, and restated them in the very recent case of *Rundle* v. *Winters, ante,* p. 239, 298 Pac. 929, as follows:

"All property acquired by either husband or wife during coverture is presumed to be community, and the burden of proof is upon anyone asserting it is separate property to show that fact by clear and satisfactory evidence. *La Tourette* v. *La Tourette* [15 Ariz. 200, 137 Pac. 426, Ann. Cas. 1915B 70], *supra; Malich* v. *Malich,* 23 Ariz. 423, 204 Pac. 1020.

"Property takes its character as community or separate estate at the time of its acquisition. *Horton* v. *Horton,* 35 Ariz. 378, 278 Pac. 370; *Pendleton* v. *Brown,* 25 Ariz. 604, 221 Pac. 213.

"When separate and community funds are mingled, the commingled funds are presumed to be community, and the burden is upon the one claiming them or any portion thereof to be separate to prove such fact and the amount by clear and satisfactory evi-

dence. *Yesler* v. *Hochstettler,* 4 Wash. 349, 30 Pac. 398; *Doyle* v. *Langdon,* 80 Wash. 175, 141 Pac. 352.

''Where either spouse is engaged in a business whose capital is the separate property of such spouse, the profits of the business are either community or separate in accordance with whether they are the result of the individual toil and application of the spouse, or the inherent qualities of the business itself. *Lake* v. *Bender,* 18 Nev. 361, 4 Pac. 711, 7 Pac. 74; *In re Buchanan's Estate,* 89 Wash. 172, 154 Pac. 129; *Jacobs* v. *Hoitt,* 119 Wash. 283, 205 Pac. 414.

''When spouses have treated the income from their separate property as community, and it was their intent that it should become community, the character of the income changes in accordance with their intention. *Volz* v. *Zang,* 113 Wash. 378, 194 Pac. 409; *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10; *Jacobs* v. *Hoitt, supra.''*

We are, of course, bound by the actual or presumed findings of the trial court in case there is any evidence in the record to sustain them. If, therefore, there is a dispute in the testimony on any point, we must accept that view of it most favorable to such findings. Following this rule, the ultimate facts upon which the court found the property described in the decree as community to be such may be stated as follows:

The parties in this action intermarried at Golden, Colorado, about January 2, 1915. Shortly after their marriage, they moved to Flagstaff, Arizona, and resided there continuously until the time this action was commenced. At the time they moved to Flagstaff, they possessed practically no property, either separate or community, but after arriving in Flagstaff defendant engaged in the jewelry and watch business, and also in the business of loaning money to various parties, and considerable real and personal property was acquired during this time, the title to the real estate generally being taken in the name of defendant. In addition to very considerable

earnings from the business and interest on the loans made during this period of approximately fifteen years, defendant received several thousand dollars from bequests from two of his relatives. It is the contention of defendant that substantially all of the property accumulated during coverture and possessed by him at the time the divorce was granted was purchased by these bequests or the proceeds thereof, and that practically all of the community funds earned and acquired during coverture were used in living expenses.

Plaintiff, on the other hand, insists that most of the property was bought with community earnings, and that the evidence does not trace any of the separate funds into property held by the court to be community estate.

It appears from the record, and is reasonably supported by the evidence, that the property in controversy was worth far more than the amount received by defendant from the bequests, which last were unquestionably his separate property. The testimony, of course, is in sharp conflict in regard to what became of those separate funds. It would be of no benefit for the guidance of other counsel in future similar actions for us to review it, as cases of this nature must each be determined on its own state of facts, and we therefore do not encumber the record with a review of the evidence. It is sufficient for us to state that we cannot say affirmatively that the court was not justified from the evidence in holding that defendant had failed to sustain the burden cast upon him of showing by clear and convincing testimony that the property acquired by the parties during coverture, and found by the trial court to be community, did not possess that character, or that, since this is the case, the division made by that court was unjust and an abuse of discretion.

There are a number of other minor assignments of error, but we are of the opinion that it is not necessary for us to discuss them in determining this case, although we have considered them.

For the foregoing reasons, the judgment of the superior court of Coconino county is affirmed.

McALISTER, C. J., and ROSS, J., concur.