BRIGGS CO. v. LAWLER.

1. Liens—Creation.

Liens can only be created by agreement, express or implied, or some fixed rule of law.

2. Corporations—Statutes—Saving Clause.

Purpose of saving clause of general corporation act of 1931 was to enable a corporation which had gained a right under previous corporation act to continue to retain the same (Act No. 84, part 2, chap. 3, § 4, Pub. Acts 1921 [2 Comp. Laws 1929, § 10021]; Act No. 327, § 192, Pub. Acts 1931).

3. Same—Liens—Statutes—Repeal.

Repeal of statute giving lien to corporation on shares owned by one indebted to it does not deprive corporation of its lien for indebtedness incurred by the stockholder prior to the repeal, in the absence of language clearly indicating that the statute is to have a retrospective operation, and although it does not save vested rights.

4. Same—Liens on Stock for Debts Owed Corporation by Stockholder.

The lien of a corporation on stock owned by corporation's debtor for debt owed it is not a mere inchoate right to be perfected and enforced in accordance with some prescribed statutory right but is an absolute right of which all dealing with owner of stock were bound to take notice.

5. Equity—Jurisdiction.

If equity has jurisdiction for any purpose, it may retain such jurisdiction to grant complete relief.

6. Corporations—Lien on Stock—Injunction.

In suit by corporation against administratrix of insolvent estate of a stockholder about to sell the stock and for injunction to restrain such sale and enforce lien against stock for debt owed corporation, injunctive relief held, necessary to protect plaintiff's rights.

418     278 MICHIGAN REPORTS.     [Dec.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 6, 1936. (Docket No. 10, Calendar No. 39,047.) Decided December 28, 1936.

Bill by Briggs Company, a corporation, against Agnes B. Lawler, administratrix with the will annexed of the estate of Thomas A. Lawler, deceased, and another for an injunction restraining sale of stock and to enforce a lien on stock. From decree for plaintiff, defendants appeal. Affirmed.

*Kelley, Sessions, Warner & Eger,* for plaintiff.

*Joseph H. Dunnebacke* and *Russel A. Lawler,* for defendants.

SHARPE, J. This is a suit instituted by plaintiff for injunctive relief and to foreclose a lien on corporate stock. It grows out of the fact that Thomas A. Lawler, an attorney of Lansing, Michigan, at the time of his death, September 25, 1928, was indebted to the plaintiff corporation in the sum of $5,536.36 and was the owner and holder of 900 shares of the capital stock of plaintiff corporation. This stock was issued to deceased in September of 1921 and January of 1922. Shortly after Lawler's death, Agnes B. Lawler was appointed administratrix of deceased's estate, which was found to be insolvent. Subsequent to her appointment, the defendant administratrix negotiated with Louis A. Driscoll for the sale and transfer of the certificates of stock and, as such, was authorized by an order of the probate court to dispose of the 900 shares of stock of plaintiff company at private sale. The sale of the stock was made to defendant Driscoll and a report of the sale was made to the probate court on August 25, 1932, in which the administratrix prayed for confirmation of the sale.

On September 2, 1932, plaintiff filed its bill of complaint asking for an injunction restraining defendant Lawler, administratrix, and defendant Driscoll from proceeding with the sale of the certificates of stock and for a lien upon such together with the right of disposal for the benefit of plaintiff corporation. The trial court heard the cause and granted plaintiff corporation the relief prayed for. Defendants appeal and contend that plaintiff is not entitled to a lien upon the shares of stock and that the chancery court has no jurisdiction in the matter.

In *Dehn* v. *Dehn,* 170 Mich. 407, 413, we said:

"Liens can only be created by agreement, express or implied, or some fixed rule of law. *Bennett* v. *Nichols,* 12 Mich. 22; *Frost* v. *Atwood,* 73 Mich. 67 (16 Am. St. Rep. 560)."

Plaintiff bases its claim to a lien upon Act No. 232, § 16, Pub. Acts 1903, the act in force prior to the 1921 corporation code, which provides:

"The stock of every such corporation shall be deemed personal property, and be transferred only on the books of such corporation, in such form and manner as their by-laws shall prescribe, and such corporation shall at all times have a lien upon all the stock or property of its members invested therein, for all debts due from them to such corporation," and Act No. 84, part 2, chap. 3, § 4, Pub. Acts 1921,* which repealed the 1903 act above and provides:

"The stock of every corporation shall be deemed personal property and shall be subject to the provisions of act number one hundred three (corrected to read Act No. 106, see Act No. 267, part 2, chap. 3, § 4, Pub. Acts 1929) of the public acts of nineteen hundred thirteen, known as the uniform stock transfer act, as to all matters and things therein pre-

* See 2 Comp. Laws 1929, § 10021—Reporter.

scribed; and as to matters not therein prescribed in relation to the transfer of stock, the said corporation shall have the power to make its by-laws and other regulations. Such corporations shall at all times have a lien upon all stock or property of its members invested therein, for all debts due from them to such corporation."

Act No. 327, Pub. Acts 1931, repealed Act No. 84, Pub. Acts 1921, but contained the following saving clause (section 192):

"This act shall not impair or. affect any act done, offense committed or right accruing, accrued, or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time this act takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if this act had not been passed."

The purpose of this saving clause was to enable any corporation which had gained a right under the corporation act of 1921 to continue to retain the same; and that part of the saving clause pertaining to this case is found in the words, *"right accruing, accrued, or acquired."*

In 80 A. L. R. 1338, it is said:

"Such a lien is now generally provided for by statute, charter or by-laws. These statutes fall into two categories: (1) Those which create the lien in express terms, directly, and (2) those which prohibit the assignment or transfer of the stock so long as the stockholder remains indebted to the corporation."

"The repeal of a statute giving a lien to the corporation on shares owned by one indebted to it does not deprive the corporation of its lien for an indebtedness incurred by the stockholder prior to the repeal, in the absence of language clearly indicating that the statute is to have a retrospective operation,

and although it does not save vested rights." 14 C. J. p. 788.

"So, where the rights of the parties under a statute giving to the corporation a lien on the shares of its stockholders had become fixed before the passage of a statute in effect repealing such lien statute, it was held that the prior statute, which in effect gave a lien, was to control, under the rule of statutory construction that a statute must always be interpreted so as to operate prospectively, and not retrospectively, unless the language is so clear as to preclude all question as to the intention of the legislature, the later statute not manifesting any intention that it should operate retrospectively. *Sproul* v. *Standard Plate Glass Co.,* 201 Pa. 103 (50 Atl. 1003)." 80 A. L. R. 1359.

In *H. W. Wright Lumber Co.* v. *Hixon,* 105 Wis. 153 (80 N. W. 1110), the court said:

"It was not a mere inchoate right to be perfected and enforced in accordance with some prescribed statutory method. It was a right, absolute in itself, given by positive enactment, and concerning which every person dealing with the owner of the stock was bound to take notice. Cook, Stock and Stockholders, § 523; *Bishop* v. *Globe Co.,* 135 Mass. 132; *Bohmer & Osterloh* v. *City Bank of Richmond,* 77 Va. 445. Such a lien is valid and enforceable against all the world. *Hammond* v. *Hastings,* 134 U. S. 401 (10 Sup. Ct. 727)."

Defendants next contend that even though plaintiffs may have a lien, such lien may not be established or adjudicated in the chancery court. It is not disputed in this cause that the estate of deceased was insolvent and that the administratrix of said estate was about to sell the capital stock of plaintiff company standing in the name of deceased to one Louis A. Driscoll.

Under these circumstances plaintiff contends that it was necessary to resort to a court of equity to obtain injunctive relief in order to protect its rights.

In *Burgess v. Jackson Circuit Judge,* 249 Mich. 558, 563, we said:

"If equity has jurisdiction for any purpose, it may retain such jurisdiction to grant complete relief."

See, also, *Ireland* v. *Miller,* 71 Mich. 119; *City of Detroit* v. *Railway,* 172 Mich. 136; *Lehnen* v. *Ryan,* 185 Mich. 246; *Bennett* v. *Haines,* 225 Mich. 185.

The purpose of plaintiff's suit was to obtain injunctive relief as well as to foreclose the lien. We think that under the circumstances involved in this cause injunctive relief was necessary in order to protect plaintiff's rights.

The decree of the lower court is affirmed. Plaintiff may recover costs.

North, C. J., and Fead, Wiest, Butzel, Bushnell and Toy, JJ., concurred. Potter, J., did not sit.