CLARK G. BLACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILTON A. BLACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 93055, 93056.   Promulgated May 25, 1939.

*Robert T. Jacob, Esq.*, for the petitioners.
*John H. Pigg, Esq.*, for the respondent.

# 1070

## OPINION.

STERNHAGEN: The petitioners construct their argument as if there were two points, but there are really three—(1) That the agreement of October 21, 1933, gives to the entire income which each derived in 1934 and 1935 the character of community property, thus making one-half taxable to each spouse upon a separate return even though they were all domiciled in Oregon, (2) that all four spouses were equal members of a partnership and separately taxable upon a one-fourth share of partnership income, and (3) that no part of the deficiency of either petitioner was due to negligence, and hence the

percent penalty was erroneously added by the Commissioner.

■ The petitioners were not residents of the State of Washington, and are therefore not in their persons subject to her laws. Nor was their personal property subject to the laws of Washington. *Mobilia sequuntur personam.* Real property in Washington was subject to Washington law, and could be held in community by agreement of the spouses between themselves, irrespective of their domicil elsewhere. *Volz* v. *Zang*, 113 Wash. 378; 194 Pac. 409; *Gratton* v. *Weber*, 47 Fed. 852. But all of the Washington real property here in question was acquired by the two husbands before the agreement of October 21, 1933. The earlier undivided fourth interests in the 3,400 acres were acquired by devise or descent while both couples lived in Washington, and hence were the separate properties of the husbands. Remington's Compiled Statutes of Washington, 1922, §§ 6890–6892. The later interests in 2,120 acres came to the husbands by deed in 1931, and in the rest by devise or descent in 1932, both acquisitions being after the couples had left Washington and become domiciled in Oregon, but before the agreement of October 21, 1933. Hence the entire 3,400 acres was owned as separate property by the husbands when they made the agreement of October 21, 1933.

The agreements purported to convert this separate property of the husbands into community property. In this it may have been successful. But the brothers created a partnership in 1911 and contributed the property to it. This partnership interest, however, was itself personalty and hence it was not subject to Washington law. The agreement was an attempt to import into Oregon as the law controlling the ownership of personal property in that state a kind of tenure not recognized there. In Oregon there is no tenure "known as community property." Accordingly the agreement of October 21, 1933, was ineffective to stamp the income as community income. Milton A. Black owned real property in Oregon and Idaho from which he received income. This he regarded as community property, and therefore included only one-half in his return.

■ Petitioner argues, but only in the alternative, that the wives were members of the partnership and hence were each taxable on a distributable one-fourth share of the partnership income. Even assuming that this question is properly open under the pleadings and is not foreclosed by the stipulated fact that the brothers "as equal co-partners, operating under the firm name of M. A. & C. G. Black, hereinafter referred to as the partnership, operated", etc., we are of the opinion that the evidence is inadequate to prove that the wives were partners. We are not convinced that the categorical statement of C. G. Black, a physician, and primarily interested in his case, can serve by itself to prove that the wives were members of a jural part-

nership. It was said to be a partnership organized in 1911 by oral agreement. But there is no evidence of any partnership conduct by the wives. They apparently contributed nothing, took no part in the management, never held themselves out as partners, and shared in the earnings only because their husbands and they used joint bank accounts. *Lucas* v. *Earl*, 281 U. S. 111; *Burnet* v. *Leininger*, 285 U. S. 136; *Larsen* v. *Burnet*, 50 Fed. (2d) 308.

We therefore hold that the Commissioner was correct in taxing each of these petitioners on a one-half share of the partnership income, and that none of the income of the petitioners in 1934 and 1935 was the separate income of their wives under the agreement of October 21, 1933.

The Commissioner has added to the deficiencies of both petitioners a 5 percent penalty upon the determination that some part of the deficiency is due to negligence or to a willful disregard of regulations. We are unable to find as a fact that there was negligence or willful disregard of regulations to which any part of the deficiency is attributable. The petitioners, being a physician and a druggist, apparently believed that the agreements of October 21, 1933, supported their treatment of their income as community income. While this was erroneous, there was no negligence or any willful disregard of regulations. Nor was there any negligence in their computation of partnership earned income credit. The addition of the 5 percent penalty is reversed.

*Decision will be entered under Rule 50.*