## In re HAMBURGER DISTILLERY, Inc.

### Appeal of GORDON.

### No. 7382.

Circuit Court of Appeals, Third Circuit.
Sept. 25, 1940.

Stewart & Lewis, of Pittsburgh, Pa. (Mahlon E. Lewis, Francis J. Putman, and William J. Kenney, all of Pittsburgh, Pa., of counsel), for appellant.

Philip W. Amram, of Philadelphia, Pa. (Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., of counsel), for appellee.

Before MARIS and JONES, Circuit Judges, and BARD, District Judge.

BARD, District Judge.

This is an appeal by the reorganization trustee of the Hamburger Distillery, Inc. (hereinafter referred to as the "Debtor"), from the judgment of the District Court for the Western District of Pennsylvania that the withdrawal of certain barrels of whiskey stored in the Debtor's U. S. bonded warehouse and covered by certain whiskey certificates pledged by it to the Philadelphia Acceptance Corporation (hereinafter referred to as "P. A. C.") was not subject to the payment of storage charges by P.A.C. which had purchased the certificates at the foreclosure sale.

The facts and issue involved were stipulated by the parties and it was agreed that judgment be entered in accordance with the conclusion of law reached by the Court. From this stipulation, it appears that the Debtor, at various times prior to the reorganization proceedings, had borrowed sums of money from P. A. C. issuing notes for the amounts borrowed and pledging as security therefor certain whiskey certificates. On July 5, 1938, the Debtor owed P. A. C. $200,789.26, principal and interest, and had deposited with P. A. C., as security for this indebtedness, certificates for 6373 barrels of whiskey. The Debtor being in default in its payments on the notes, on June 25, 1938, P. A. C. notified it of a proposed sale of the collateral to be held on June 29, 1938. On June 27th, the Debtor advised P. A. C. that an undisclosed number of the barrels of whiskey involved previously had been invoiced to customers of the Debtor and requested a postponement of the sale in order that they might be notified. The sale was held on July 5, 1938 when P. A. C. purchased the certificates for the amount of the indebtedness. The good faith of the sale is not challenged. After the sale, P. A. C. permitted several customers of the Debtor to redeem certificates for 942 barrels previously invoiced to them so that, at present, P. A. C. holds certificates for 5431 barrels.

After the institution of proceedings for the reorganization of the Debtor, the trustee demanded $9,382.50 of P. A. C. on account of storage accrued on these 5431 barrels prior to July 5, 1938, predicating this claim upon the provisions of the whiskey certificates in the possession of P. A. C. These had been issued by the Debtor for the account and risk of itself or order and bore its blank indorsement. The barrels of whiskey represented were stated to be deliverable upon the return of the certificates and after payment of storage charges from various designated dates at the rate of ten cents per barrel per month. Included also was the further provision that all due storage was payable to the Debtor on January 1st and July 1st of each year and, if not so paid, the Debtor might enforce its "lien" pursuant to the Pennsylvania Warehouse Receipts Act, 6 P.S. §§ 27, 29.

In rendering judgment for P. A. C., the District Court declared: "The Philadelphia Acceptance Corporation was not the owner of the whiskey covered by the certificates until the sale of them on July 5, 1938, and until that date the Hamburger Distillery, Inc. was storing such whiskey as its owner, and not as a warehouseman under the Pennsylvania Warehouse Receipts Act. It was not until the Philadelphia Acceptance Corporation ceased to be a mere pledgee, and became the owner, that it became liable

for storage under the terms of the certificates."

We are of the opinion that the judgment must be affirmed.

In order that the Debtor validly may withhold delivery of the whiskey represented by the certificates for storage charges, it is incumbent upon it to prove the existence of a debt to it on account of unpaid storage charges respecting the whiskey; and, in this regard, it is totally immaterial that the purchaser at the foreclosure sale may or may not be personally indebted to the Debtor therefor. If storage charges have accrued on this whiskey, no matter who may personally be liable for their payment were the debtor to sue for their recovery, then, by virtue of the provisions of the warehouse receipts, the Debtor was entitled to retain the whiskey until these charges were paid.

Liens may be of various origins—common law, statutory or contractual. See Nicolette Lumber Co. v. People's Coal Co., 1906, 213 Pa. 379, 382, 62 A. 1060, 1062, 3 L.R.A.,N.S., 327, 110 Am.St.Rep. 550, 5 Ann.Cas. 387; General Motors Acceptance Corp. v. Sutherland, 1932, 122 Neb. 720, 725, 241 N.W. 281, 283; Briggs Co. v. Lawler, 1936, 278 Mich. 417, 419, 270 N.W. 732. As applied to the present case, whether common law or contractual, the right of retention must be founded upon the existence of an indebtedness to the Debtor on account of accrued storage charges respecting the whiskey. That this should be so is inherent in the concept of the lien—the right to retain possession of the property of another until the debt or duty it secures is paid or discharged. See Riddle v. Berg & Co., 1886, 3 Sadler, Pa., 566, 570, 7 A. 232, 235; First Nat'l Bank v. L. & M. Childs, 10 Phila., Pa., 452, affirmed Mc-Millen v. First Nat. Bank, 1874, 1 Wkly. Notes Cas. 55; Sumner v. Hamlet, 1831, 12 Pick., Mass., 76, 81; Marquette Nat'l Bank v. Mullin, 1939, 205 Minn. 562, 571, 287 N.W. 233, 238; Willard v. Stauffer, 1930, 91 Ind.App. 119, 126, 170 N.E. 332, 335. Thus, the narrow issue simply is whether or not storage charges regarding the instant whiskey validly have accrued.

In the appellant's brief it is stated (p. 9): "It is not here contended that the holder of the receipt by its terms becomes subject to a personal obligation to pay the storage, but rather that the holder of the receipt must pay the storage to secure possession of the whiskey." Appellant concedes that P. A. C. was under no personal obligation to pay the storage charges allegedly due. Moreover, it being axiomatic under our system of law that, with certain exceptions inapplicable here, one person may not be his own creditor or debtor, cf. Price v. Spencer, 1870, 7 Phila., Pa., 179, Restatement of Contracts, § 15, it is evident that no indebtedness could arise on this account when the Debtor was both the owner of the whiskey and its warehouseman. We are in agreement with the view of the District Court that, under these circumstances, during the period relevant herein, no indebtedness on account of storage charges on this whiskey ever did accrue and, consequently, none to secure which a lien might be established.

Accordingly, the judgment of the District Court is affirmed.