361 P.2d 648

Zelda E. MATLOW, Appellant,

v.

Gerald L. MATLOW, Appellee.

No. 6944.

Supreme Court of Arizona.

May 3, 1961.

————◆————

Finn, Gorey & Ely, Phoenix, for appellant.

Lewis, Roca, Scoville & Beauchamp, by Charles A. Stanecker, Phoenix, for appellee.

BERNSTEIN, Vice Chief Justice.

Gerald L. Matlow, hereinafter called "plaintiff", brought suit in the superior court of Maricopa County against Zelda E. Matlow, hereinafter called "defendant", praying for a divorce on the grounds of excesses, cruel ·treatment and outrages toward the plaintiff. The defendant answered denying those allegations and cross-complained asking for a divorce on the same grounds alleged in plaintiff's complaint. At the time of the trial of this action, the trial court granted defendant's motion to dismiss the cross-complaint and to amend her answer by setting up the defenses of condonation and recrimination. The record reveals that no evidence was presented on the defense of condonation.

The issue was tried to the court sitting without a jury resulting in a judgment dissolving the marriage and a division of the property. The defendant's motion for a new trial was denied. This appeal followed.

■ The parties have treated the judgment dissolving the marriage as if the court awarded the decree of divorce to the plaintiff. Apparently this was done under the theory that it amounted more to irregularity than to error as set forth in Macfadden v. Macfadden, 157 Fla. 477, 26 So.2d 502. We will therefore treat the decree, for the purpose of this appeal, in the same manner.

The defendant has raised the following three assignments of error:

"I.

"The Court erred in awarding a decree of divorce to the plaintiff-appellee in the face of uncontradicted evidence of recrimination."

"II.

"The trial court erred in sustaining the objection to evidence on recrimination after allowing the filing of an amended answer setting forth said defense."

"III.

"The trial court erred in granting the following portion of the judgment:

" 'It Is Further Ordered that the plaintiff, Gerald L. Matlow, be and he is

**296**

hereby awarded as his sole and separate property that certain real estate consisting of a house and lot and known as Lot 61, Tonka Visa, Unit 2, according to the plat of record in the office of the County Recorder, Maricopa County, Arizona.

" 'It Is Further Ordered that a lien upon said real property herein set apart to plaintiff be impressed on said real property in favor of the defendant, Zelda E. Matlow, in the event said property shall be sold by the plaintiff, in an amount equal to one-third of the sales price received by plaintiff in excess of the sum of Eleven Thousand ($11,000.00) Dollars.' "

### Assignment of Error I

It is contended that recrimination was shown by the defendant's testimony to the effect that: "Whenever people came into the house, he would go off in the den and sit by himself," "Well, my husband didn't want any children." The defendant also complained that plaintiff refused to work regularly and that he left her one morning without any food, with bills that were delinquent three months, including water, gas, electricity and telephone, and without any funds.

▪▪▪ The defendant urges this court to adopt a strict recrimination rule to the effect that if the evidence reveals *any* recrimina-

tion then divorce should be denied. In the leading case in this jurisdiction, Brown v. Brown, 38 Ariz. 459, 300 P. 1007, 1008 this court adopted a liberal recrimination rule. In that case both parties sued for divorce alleging that the other was guilty of cruelty or misconduct. The court granted the divorce without awarding it to either party. In upholding the divorce decree the court said:

"It is urged by defendant that if the court believed both parties had sustained their allegations no decree should have been granted, because of recrimination. This is undoubtedly the law, but we must presume, since the court did render a judgment of divorce, that it believed recrimination did not exist. * * *"

To hold that *any* recrimination would bar a divorce would be a degradation of marriage and a frustration of its purposes for then the courts would be using recrimination as a device for punishment. If the marriage has failed and the family life has ceased, the purposes of marriage are no longer served. In such case public policy will not discourage divorce since the relationship of husband and wife is such that the legitimate functions of marital life have been destroyed. The doctrine of recrimination, like the doctrine of unclean hands of which it is a part, is not a mechanical doctrine but an equitable principle to be applied to the facts of each case and with a consid-

eration for the interests of the public. DeBurgh v. DeBurgh, 39 Cal.2d 858, 250 P. 2d 598. In considering the social aspects of matrimony, it would be contrary to public policy to insist on the maintenance of a marriage which has utterly broken down with admittedly no likelihood of a reconciliation. The evidence on recrimination was at best conflicting. The record amply justifies the decree of divorce awarded by the trial court. Brown v. Brown, supra; Chester v. Chester, 69 Ariz. 104, 210 P.2d 331.

## Assignment of Error II

The court upon receiving the objection to direct evidence on recrimination stated:

"* * * As to the theory that is urged before this court at this time, the court will reserve its ruling as to what matters you may go into. At this time the court feels that the matters seem foreign to the issue, as far as this court is concerned.

"Mr. Finn. All right, sir. I take it the record shows that I object to the court's ruling. I am reserving my right to recall this witness pertinent to the grounds of recrimination."

At no point during the trial subsequent to the trial court's reservation of ruling did the defendant seek to obtain a ruling nor to recall that particular witness.

■■ The rule is that a postponement of a ruling as to the admissibility of evi-

dence does not constitute an exclusion, and if the evidence is not offered again and the court's attention is not called to it again,. an objection or exception cannot be sustained on the grounds that such evidence was excluded. Rueger v. Hawks, 150 Neb. 834, 36 N.W.2d 236; Lipman Bros. v. Hartford Accident & Indemnity Co., 149 Me. 199, 100 A.2d 246; McManus v. Chicago Great Western R. Co., 156 Iowa 359, 136 N.W. 769; Schloss v. Estey, 114 Mich. 429, 72 N.W. 264; Kenney v. Jefferson County Bank, 12 Colo.App. 24, 54 P. 404.

## Assignment of Error III

■ The trial court under A.R.S. § 25–318, subd. A is not required to divide the community property evenly but only as to the court may deem "just and right." The court is thus given broad discretion in this regard and may award the greater portion to either party. It is only where this discretion clearly appears to be abused will this court interfere. Reed v. Reed, 82 Ariz. 168, 309 P.2d 790; Honig v. Honig, 77 Ariz. 247, 269 P.2d 737; Patterson v. Patterson, 63 Ariz. 499, 163 P.2d 850; Brown v. Brown, supra.

■ The defendant does not allege that the trial court abused its discretion, but only urges that the lien is not a lien. We agree with this contention.

"The term 'lien', as generally used, is a charge or encumbrance upon property,

to secure the payment or performance of a debt, duty, or other obligation. It is distinct from the obligation which it secures. 53 C.J.S. Liens § 1, P. 826; Bouvier's Law Dict., Rawle's Rev. 1978. In the absence of an obligation to be secured there can be no lien. In re Hamburger Distillery, Inc., 3 Cir., 1940, 115 F.2d 84." United States v. Phillips, 5 Cir., 267 F.2d 374, 377. See also Ansonia National Bank of Ansonia, Conn. v. United States, D.C., 147 F.Supp. 864.

There is no obligation on the part of the plaintiff to pay money or any other thing, but an effort on the part of the court to give each party an equitable share of the property. At the time of the court's order there was an existing mortgage lien on the property in the amount of $10,772.25. The order is not clear as to whether the court meant the $11,000 awarded to the plaintiff in the event of sale of the property to be free and clear of the existing mortgage lien.

The trial court has attempted to impress a lien on the property to secure an interest in it to the defendant pursuant to A.R.S. § 25–318, subd. B. This statute in effect requires that the lien must be definite, and not merely ascertainable in the future by taking further steps. The lien: (1) must be to secure the payment of any interest or equity the other party has in or to such separate property, or any equity which arose in favor of either party out of their property during the existence of the marriage relation, or to secure an allowance for support and maintenance of the wife or minor children; (2) must specifically describe the property to which it attaches; and (3) must be for an ascertainable amount. It is not enough that any of these elements may in the future be brought down from broad generality to specific identity. These elements must be specific in order to create a valid lien. The "lien" in question is not specific in that: (1) it does not create an obligation to be secured and (2) the amount is not ascertainable. The court has thus failed to establish an enforceable lien. The provision instead of being final as to the property is interlocutory. There being a dissolution of the marriage because of its failure, no reason exists to prolong any relationship between the parties. The trial court should have set forth an ascertainable division of the property.

The portion of the judgment granting the divorce is affirmed, and the portion thereof relating to the division of the property is reversed with directions to order a division of such property not inconsistent with this opinion.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.