403 P.2d 823

**Ellen MOORE, Appellant,**

v.

**Robert Lester MOORE, Appellee.***

**I CA–CIV 68.**

Court of Appeals of Arizona.

July 1, 1965.

Rehearing Denied Sept. 2, 1965.

Review Granted Sept. 21, 1965.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank and John J. Flynn, Phoenix, for appellant.

James E. Flynn and Allan K. Perry, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal by the wife, from a decree of divorce awarding custody of the minor children, support and maintenance thereof, and division of community property. The facts so far as are necessary for a determination of this matter on appeal are as follows:

The parties were married in 1935, and have two adopted children; a son who was fifteen and one-half years of age at the time of the trial and a daughter who was sixteen and one-half years of age at the time of the trial. The approximate value of the community property was stipulated to be $272,000. Trust funds had been previously created by the parties for the two children and the estimated value of the trust funds at the time of oral argument was admitted to be in excess of $20,000 each. The complaint of the wife alleged cruel treatment on the part of the defendant husband, and the husband counterclaimed alleging cruel treatment and habitual intemperance. At the time of the trial, the wife was over fifty years of age and had not been gainfully employed for many years. As late as 1948, she was hospitalized for what was feared to be a recurrence of tuberculosis and has been twice hospitalized for alcoholism. It is generally agreed that since April of 1959, until the time of the trial, January 21, 1963, she has been cured of her dependence upon alcoholic beverages.

The husband is a medical doctor, with a yearly income from 1959 to 1962, of between $45,000 and $50,000 per year. He was 59 at the time of the trial. The trial court awarded the son to the husband and

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8013. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

the daughter to the wife together with the amount of $200 per month as and for support for a period of twelve months. The two trust funds of the two children were set aside for the benefit of the children.

The wife was awarded alimony in the amount of $700 per month for eighteen months only. The wife was awarded the amount of approximately $136,000 largely, though not entirely, in cash as her portion of the community property. Each of the parties were to bear their own costs and attorney's fees. The court in rendering its decree, found as follows:

"1. The plaintiff, counter-defendant, is not entitled to judgment and decree of divorce on her amended complaint.

"2. That the defendant, counter-claimant, is not entitled to judgment for decree of divorce on the counterclaim.

"3. That the marital contract and the bonds of matrimony existing between the parties hereto should be dissolved and the parties restored to the status of single persons."

The wife appeals assigning as error the finding by the court that the bonds of matrimony existing between the parties should be dissolved without finding that either the wife or the husband is entitled to a judgment of divorce. The wife contends that she is entitled, from the facts and as a matter of law, to the decree of divorce. The wife also appeals claiming that the amount of alimony to herself and support for the daughter is inadequate, not only in amount, but in the length of time that it is to be payable. The wife also asserts that there was not sufficient corroboration upon which to base a divorce decree in favor of the husband.

■■■ On appeal from a judgment in a divorce action, the record will be reviewed in a light most favorable to upholding the decision of the trial court, and where the evidence is conflicting, we will not disturb the trial court's findings. Britz v. Britz, 95 Ariz. 247, 389 P.2d 123 (1964); Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239 (1964). We have reviewed the 463 pages of testimony adduced at the trial and we feel that the trial court had before it sufficient evidence from which it might find that either party would be entitled to a decree of divorce. The trial court, however, found, as a matter of fact, that neither party was entitled to a judgment and decree of divorce and then dissolved the marriage of the parties under a so-called Brown Decree. Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931). We feel that this finding by the trial court goes to the very essence of the wisdom of the so-called Brown Decree. As was stated in that case:

"It is doubtless true that it would have been a great satisfaction to the innocent party in this case to have it judicially declared that the other was at fault, but while this might have been advisable, a failure to do so does not affect the validity of the decree." 38 Ariz. 459 at 461 and 462, 300 P. at 1008.

Our Supreme Court has held that the trial court may, when it deems it advisable, grant a decree of divorce to the parties without specifically granting the decree to either party. In the instant case, the court did just that. It failed to find that either party was to receive the satisfaction of having a decree of divorce against the other at the same time ordering that the marriage be dissolved. As our Supreme Court has stated:

"If the marriage has failed and the family life has ceased, the purposes of marriage are no longer served. In such case public policy will not discourage divorce since the relationship of husband and wife is such that the legitimate functions of marital life have been destroyed. * * * In considering the social aspects of matrimony, it would be contrary to public policy to insist on the maintenance of a marriage which has utterly broken down with admittedly no likelihood of a reconciliation." Matlow v. Matlow, 89 Ariz.

293, at 296 and 297, 361 P.2d 648, at 650 (1961).

And:

> "The judgment herein recited that, 'the parties are divorced and each of them are restored to the status of single persons.' This is in the form of the so-called 'Brown Decree,' first sanctioned by this court in Brown v. Brown (citation omitted). Given jurisdiction, no magic words are required for a valid divorce judgment. Trial judges in this state may properly employ this form of judgment in the rare case where there is no evidence of recrimination, and both parties qualify for divorce." Hemphill v. Hemphill, 84 Ariz. 95, at 99, 324 P.2d 225, at 228 (1958).

In the case cited above, it was found that the trial court lacked jurisdiction to grant a decree because of the absence of corroboration as to residence. Such is not the case at bar. Our Supreme Court has also stated:

> "The effect of the decree is the same whether it be granted specifically to either party or generally without reference to which is the more at fault, for both parties are divorced, and the settlement of property rights and the custody of children is always in the sound judicial discretion of the court, regardless of which of the parties is the more guilty." Ackel v. Ackel, 57 Ariz. 14, at 20, 110 P.2d 238, at 241, 133 A.L.R. 549 (1941). Rehearing denied, 57 Ariz. 118, 111 P.2d 628, 133 A.L.R. 556 (1941).

We have reviewed the award of the custody of the children, the alimony and support, and the division of the community property, in light of the testimony adduced at the trial, and considering this testimony and evidence in the light most favorable to upholding the decision of the trial court, we feel there was no abuse of the court's discretion. In matters of this kind, the trial court having had the opportunity to observe the witnesses and the parties in court, their demeanor and attitude, it is usually far better able to make an equitable division of the community property and award support and maintenance thereof, than this court is from the record on appeal, and we will not substitute our judgment for the judgment of the trial court.

It should be noted that pending this appeal there was a hearing wherein it was stipulated that the husband would continue to pay the amount of $200.00 per month as and for support of the minor daughter pending the outcome of this appeal. In affirming the judgment of the trial court, we pass only upon the adequacy of the amount per month under the circumstances. We do not rule upon the question of the presence or absence of the husband's obligation to continue to provide support for the minor daughter. Should the need arise, the matter may always be presented to the trial court for determination.

The decision below is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.