BRIAN K. MCGANTY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGanty v. Commissioner
Docket No. 20209-94
United States Tax Court
T.C. Memo 1995-178; 1995 Tax Ct. Memo LEXIS 171; 69 T.C.M. (CCH) 2441; April 17, 1995, Filed *171 An order of dismissal and decision will be entered. Brian K. McGanty, pro se. For respondent: Diane Barr and Paul L. Dixon. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case is before the Court on: (1) Respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40; [1] (2) petitioner's Motion for Summary Judgment; and (3) petitioner's Motion to Strike. Petitioner resided in Las Vegas, Nevada, at the time that his petition was filed with the Court. Respondent's notice of deficiency
By notice dated August 5, 1994, respondent determined a deficiency in, and additions to, petitioner's Federal income tax for the taxable year 1992 as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1) Sec. 6654(a) $ 7,565
$ 687
$ 97
The deficiency in income *172 tax was based on respondent's determination that petitioner failed to report on an income tax return for 1992: (1) Wages received from the Mirage Hotel in the amount of $ 42,853, and (2) dividends in the amount of $ 7. The addition to tax under section 6651(a)(1) was based on respondent's determination that petitioner's failure to file a timely income tax return for 1991 was not due to reasonable cause. Finally, the addition to tax under section 6654(a) was based on respondent's determination that petitioner failed to pay the requisite estimated income tax for 1991. Petitioner's petition
Petitioner filed a 32-page typewritten petition for redetermination on November 3, 1994. The petition includes allegations that: (1) Respondent perpetrated constructive fraud by issuing a deficiency notice to petitioner that is based upon a substitute or "dummy" return; (2) respondent fraudulently failed to give petitioner credit for tax withheld from his wages, thus subjecting petitioner to double taxation; [2] (3) respondent fraudulently failed to provide petitioner with notice of the statutes and regulations imposing the Federal income tax; (4) the additions to tax determined by respondent *173 may only be assessed by filing an action in Federal District Court; and (5) respondent fraudulently issued a deficiency notice to petitioner where no tax return was otherwise due or required. Petitioner attached a plethora of documents to his petition, including: (1) A U.S. Nonresident Alien Income Tax Return (Form 1040NR) showing no *174 tax due; and (2) a Notice Of Status And Claim Of Exemption Of Income From United States Imposition Pursuant to Tax Treaty. The latter document, which was executed by petitioner and dated November 1, 1994, provides in part as follows: During the year 1992, I lived and worked within Nevada, USA a country under the Constitution of the States as formed by the Articles of Confederation. During the year 1992 the only income earned by me was in exchange for my services or labor within Nevada or a sister American Union State. * * * I hereby claim that the above earned income is not an allowable subject of United States command for payment of taxes imposed on individuals pursuant to Subtitle A, IRC. * * * Claim: Notice is hereby given that the United States constitution adopted by the people of the United States through their representatives in the Convention of 1787 and ratified by the conventions of the American states exempts my income from United States taxation not made in accordance with the rules of that Convention. For purposes of taxation allowed under the aforementioned treaty Convention, the following statements under 28 USC, section 1746 *175 (1), are provided: (1) During the year 1992, I was not a United States citizen. (2) During the year 1992, I was not a United States resident so as to be, for the purposes of Title 26, USC, a Citizen subject to the jurisdiction of the United States. (3) During the year 1992, I derived no income from sources within [the] allowed taxing authority of the United States so as to owe any tax to the United States of America.
Respondent's Rule 40 motion and subsequent developments
On December 22, 1994, respondent filed her Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Thereafter, on January 18, 1995, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34. Specifically, the Court directed petitioner to file by February 16, 1995, a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and separate statements of every fact upon which the assignments of error are based. On February 16, 1995, petitioner filed a 9-page typewritten Objection to *176 respondent's motion to dismiss. Petitioner attached to his Objection two tables of cases, one entitled "Territorial Jurisdiction" and the other "State General Jurisdiction", setting forth 38 and 24 citations, respectively. Further, on February 22, 1995, petitioner filed a Motion for Summary Judgment, [3] as well as a Motion to Strike various allegations set forth in respondent's motion to dismiss. A hearing on all pending motions was conducted in Washington, D.C., on February 22, 1995. Both petitioner and counsel for respondent appeared at the hearing and presented argument on the motions. Petitioner has not filed a proper amended petition as directed by the Court in its Order dated January 18, 1995. Discussion
Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when *177 it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b). In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). *178 Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980). The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the passage from petitioner's "Notice of Status and Claim of Exemption" that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Further, petitioner did not file a proper amended petition as directed by the Court in its Order dated January 18, 1995. We see no need to catalog petitioner's contentions and painstakingly address them. We have dealt with many of them before. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; *179 Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994). Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Because the petition fails to state a claim upon which relief can be granted, we will grant respondent's motion to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). Because there is no merit whatsoever to either petitioner's Motion for Summary Judgment or petitioner's Motion to Strike, we will deny both of those motions. We turn now, on our own motion, to the award of a penalty against petitioner under section 6673(a). As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained *180 by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiency in income tax or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition and in his two motions, consists solely of tax protestor rhetoric and legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless. We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with *181 genuine controversies were delayed. In view of the foregoing, we will sua sponte exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $ 500. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984). To reflect the foregoing, Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable year in issue.↩
2. The notice of deficiency clearly discloses that petitioner was given credit for income tax withheld from his wages. In this regard the notice provides as follows: Deficiency in income tax
$ 7,565
Less: prepayment credits
-4,817
Balance due
$ 2,748
The computation of both additions to tax in the notice of deficiency similarly takes into account income tax withheld from petitioner's wages. Finally, the foregoing was confirmed by respondent's counsel, who, in response to questioning by the Court at the hearing on the parties' pending motions, repeatedly stated that petitioner had been given credit for the income tax withheld from his wages by his employer Mirage Hotels.↩
3. Petitioner's Motion for Summary Judgment was submitted prematurely. Rule 121(a). Nevertheless, the Court granted leave to file. Rule 25(c).↩