GEORGE AND JEANNE SNYDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Snyder v. Commissioner
Docket No. 7617-95.
United States Tax Court
T.C. Memo 1995-405; 1995 Tax Ct. Memo LEXIS 399; 70 T.C.M. (CCH) 479; August 21, 1995, Filed *399 An order of dismissal and decision will be entered. Peter Reilly and Mark A. Weiner, for respondent. DAWSON, Judge. ARMEN, Special Trial Judge DAWSON; ARMEN
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim, filed pursuant to Rule 40. Petitioners resided in Sherman Oaks, California, at the time that their petition was filed with the Court. Respondent's Notices of Deficiency
By separate notices, each dated April *400 14, 1995, respondent determined deficiencies in, and additions to, petitioners' Federal income taxes as follows: George Snyder
Additions to tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
1988
$ 5,656
$ 1,414
$ 363
1990
11,641
2,910
766
1991
3,960
906
218
1992
4,540
649
105
1993
844
178
27
Jeanne Snyder
Additions to tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
1988
$ 1,646
$ 412
$ 103
1990
4,898
1,225
325
1991
3,187
713
173
1992
4,540
649
105
1993
844
178
27
The deficiencies in income taxes are based on respondent's determination that during the taxable years in issue, petitioner George Snyder received the following amounts of nonemployee compensation and wages, no part of which was reported on any income tax return for that year: Nonemployee
Year
compensation
Wages
Source/payor
1988
$ 30,800
--- Security Electric Co., Inc.
1990
59,579
--- Patrick Byrne & Associates, Inc.
1991
6,366
--- Patrick Byrne & Associates, Inc.
"
--- $ 42,166
Marmac, Inc.
1992
--- 24,057
Marmac, Inc.
"
--- 35,571
Delta Resources, Inc.
1993
--- 22,177
Delta Resources, Inc.
Pursuant to the community *401 property laws of the State of California, respondent further determined that one-half of the foregoing amounts was taxable to each petitioner. However, respondent determined that only petitioner George Snyder was liable for self-employment tax in respect of nonemployee compensation. The additions to tax under section 6651(a)(1) were based on respondent's determination that petitioners' failure to file income tax returns for the taxable years in issue was not due to reasonable cause. Finally, the additions to tax under section 6654(a) were based on respondent's determination that petitioners failed to pay the requisite estimated income tax for the taxable years in issue. Petitioners' Petition
Petitioners filed a joint petition for redetermination on May 15, 1995. The petition, which is 20 typewritten pages long, includes an allegation that "The petitioners are NOT tax protestors." It also invokes, inter alia, the holder in due course provisions, as well as a variety of other provisions, of the Uniform Commercial Code; the Law Merchant; "the 'infamous' Dredd Scott [sic] case"; [2] and a variety of other Supreme Court cases, particularly from the last century. The petition *402 specifically invokes section 7401 [3] and alleges that petitioners are not taxpayers, as demonstrated by, inter alia, the following syllogism: The sovereign ("WE THE PEOPLE") is not a taxpayer unless it consents to become one and it has not so consented; sovereignty resides within "WE THE PEOPLE", which includes petitioners; ergo, petitioners are not taxpayers.
*403 Respondent's Rule 40 Motion and Subsequent Developments
As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim on June 12, 1995. Respondent's motion states, inter alia, that "petitioners seek to declare themselves immune from federal income taxes and to contest respondent's authority [to determine deficiencies in income taxes]"; that "petitioners' arguments that they are not subject to federal income taxation have been rejected by the Courts"; that "notwithstanding petitioners' statements that they are not tax protestors, the petition raises many tax protestor arguments which have been dismissed by the Court on many occasions"; and that "the document filed in this case is not a proper petition, but rather is a statement making frivolous arguments with no factual basis." On June 15, 1995, shortly after respondent filed her motion to dismiss, the Court issued an order calendaring respondent's motion for hearing and also directing petitioners to file a proper amended petition in accordance with the requirements of Rule 34. Specifically, the Court directed petitioners to file, by July 10, 1995, an amended petition setting forth with specificity each error *404 allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based. Petitioners failed to respond to the Court's order to file an amended petition. However, on June 22, 1995, petitioners did file a Response to respondent's motion. In their Response, petitioners allege, in part, as follows: There are three kinds of people: "Taxpayers", "Non-taxpayers", and "Non-taxpayers" that voluntarily file and pay taxes. Section 6212 deals with "Taxpayers" and "Non-taxpayers" who voluntarily file tax returns. As the Petitioners are "Non-taxpayers", section 6212 does not apply to them. * * * * * * * The Petitioners are "Non-taxpayers" who have not voluntarily become "Taxpayers". The Petitioners aver with all of their hearts and souls that the personal income tax is voluntary. * * * The IRS attempts to have all the people volunteer and those that do not are threatened and harassed. * * * The IRS code, as far as Chapter 24 is concerned, [4] is written in such vague terms that it takes long hours of study to find out who is taxed and who is not taxed. The rest of the IRC is exact and spells out in detail *405 who is taxed. * * * * The Petitioners pray the COURT to require the Respondent to provide proof that the Respondent had authorization under Sec. 7401 to file the "Notices of Deficiencies". A hearing was held in this case in Washington, D.C., on July 19, 1995. Counsel for respondent appeared at the hearing and presented argument on the pending motion. Petitioners did not appear at the hearing; however, they did file a statement with the Court pursuant to Rule 50(c). In their Rule 50(c) statement, petitioners incorporated the allegations set forth in their foregoing Response. They also alleged, inter alia, as follows: Section 6212 does not apply to the Petitioners. If the Respondent is not trying to collect a tax and are [sic] therefore not subject to section 7401, what do they *406 call what they are doing.
Discussion
Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. ; . Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See . The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1), 123(b). In general, the determinations made by the Commissioner *407 in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); . Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); ; . The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish. See ; ; , affd. . Further, petitioners did not file an amended petition, much less a proper amended petition, as directed by the Court in its Order dated June 15, 1995. Rather, they *408 persisted in filing documents replete with nothing other than additional tax protester rhetoric. We see no need to catalog petitioners' contentions and painstakingly address them. We have dealt with many of them before. E.g., . Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." . Suffice it to say that petitioners are taxpayers and that compensation for personal services is income. E.g., ("Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable."); ; ; see sec. *409 61(a)(1). Because the petition fails to state a claim upon which relief can be granted, we will grant respondent's motion to dismiss. See . We turn now, on our own motion, to the award of a penalty against petitioners under section 6673(a). As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The record in this case convinces us that petitioners were not interested in disputing the merits of either the deficiencies in income tax or the additions to tax determined by respondent in the notices of deficiency. Rather, the record demonstrates that petitioners regard this case as a vehicle to protest the tax laws of this country and espouse their own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." . *410 Petitioners' position, as set forth in the petition, consists solely of stale and time-worn tax protester rhetoric. Based on well-established law, petitioners' position is frivolous and groundless. We are also convinced that petitioners instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require each petitioner to pay a penalty to the United States in the amount of $ 1,000. ; ; ; . In order to reflect the foregoing, An order of dismissal and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. .↩
3. Sec. 7401 provides as follows: SEC. 7401. AUTHORIZATION. No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.
Sec. 7401 is part of subch. A (Civil Actions by the United States) of ch. 76 (Judicial Proceedings) of the I.R.C. The section has nothing to do with the deficiency procedures set forth in subch. B of ch. 63 of the Code. The deficiency procedures specifically include sec. 6212, which authorizes the Secretary to send a notice of deficiency to a taxpayer if the Secretary determines that there is a deficiency in the taxpayer's income tax. The deficiency procedures deal with the redetermination by this Court of a taxpayer's liability for a deficiency determined by the Commissioner, and not↩ the collection or recovery of any deficiency that the Commissioner determines.
4. Ch. 24 (Collection of Income Tax at Source on Wages) is part of subtit. C (Employment Taxes) of the I.R.C. Neither ch. 24 nor subtit. C is relevant to the determination of the deficiencies and additions to tax in issue in this case.↩