T.C. Memo. 1996-143

UNITED STATES TAX COURT

WAYNE CURTIS MCKEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3730-94.                    Filed March 21, 1996.

Wayne Curtis McKee, pro se.

Christal W. Hillstead, for respondent.


MEMORANDUM OPINION

DINAN, Special Trial Judge:   This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and

182.[1]  Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows:

| Year | Deficiency | Additions to Tax Sec. 6651(a) | Additions to Tax Sec. 6654 |
|------|-----------|------------|-----------|
| 1989 | $2,119 | $530 | $144 |
| 1990 | 2,456 | 614 | 160 |
| 1991 | 2,584 | 100 | --- |

The issues for decision are: (1) Whether petitioner is liable for Federal income taxes on wages received during the years in issue; (2) whether section 6501 bars the assessment and collection of taxes when a taxpayer fails to file returns; (3) whether petitioner is liable for additions to tax pursuant to section 6651(a); and (4) whether petitioner is liable for additions to tax pursuant to section 6654.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference.  Petitioner resided in Sumner, Washington, on the date the petition was filed in this case.

Petitioner failed to file Federal income tax returns for the taxable years 1989, 1990, and 1991, despite having received wages in the amounts of $19,214.85, $21,674.30 and $22,786.62 for those years, respectively.  Respondent determined deficiencies in

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

petitioner's Federal income taxes and additions to tax based on Forms W-2 filed by petitioner's employer.

In his petition, petitioner raised traditional "tax protester" type arguments. He maintains that reporting and paying income taxes is strictly voluntary; that the 5th Amendment to the Constitution of the United States prevents respondent from requiring him to provide the information called for on an income tax return; and it is the Government's responsibility to calculate his taxes and send him a bill within 60 days of the year's end.

The first issue for decision is whether petitioner is liable for Federal income taxes on his wages. Respondent's determinations as to petitioner's tax liability is presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 61 defines gross income as all income from whatever source derived. Included within the definition of gross income is "compensation for services". Sec. 61(a)(1). During the taxable years 1989, 1990, and 1991, petitioner received taxable wages. Sec. 61.

All of petitioner's arguments have been rejected repeatedly by the courts. There is no doubt that petitioner was required to file income tax returns for the years in issue and that he was required to pay taxes on his wages. See secs. 1, 61, 6011, 6012, 7701(a). Petitioner is a classic tax protester raising

traditional protester arguments.  See <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).  In <u>Crain v. Commissioner</u>, <u>supra</u> at 1417, when a tax protester raised similar arguments, the Court of Appeals for the Fifth Circuit opined: "We perceive no need to refute theses arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."   We agree.

This Court, as well as the Ninth Circuit, have held petitioner's arguments to be nothing more than tax protester rhetoric and legalistic gibberish.  See <u>Fuller v. United States</u>, 786 F.2d 1437 (9th Cir. 1986); <u>Hudson v. United States</u>, 766 F.2d 1288 (9th Cir. 1985); <u>McCoy v. Commissioner</u>, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983);  <u>United States v. Romero</u>, 640 F.2d 1014 (9th Cir. 1981); <u>Woods v. Commissioner</u>, 91 T.C. 88 (1988); <u>Abrams v. Commissioner</u>, 82 T.C. 403 (1984); <u>Rowlee v. Commissioner</u>, 80 T.C. 111 (1983); <u>Snyder v. Commissioner</u>, T.C. Memo. 1995-405; <u>Devon v. Commissioner</u>, T.C. Memo. 1995-206; <u>McGanty v. Commissioner</u>, T.C. Memo. 1995-178; <u>Diehl v. Commissioner</u>, T.C. Memo. 1990-48.

The next issue for decision is whether the statute of limitations bars assessment where petitioner has failed to file returns.  Petitioner contends that the tax liability for the taxable years in issue are uncollectible because respondent failed to make an assessment within 60 days of the end of the taxable year.  Respondent contends otherwise.

- 5 -

Pursuant to section 6501((3), in the case of the failure to file a return, the tax may be assessed or a proceeding in court for the collection of such tax may be begun without assessment at any time.  Accordingly, respondent is sustained on this issue

The third issue for decision is whether petitioner is liable for section 6651(a)(1) additions to tax.  Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes: (1) The failure did not result from "willful neglect"; and (2) the failure was "due to reasonable cause".  "Willful neglect" has been interpreted to mean a conscious, intentional failure, or reckless indifference. United States v. Boyle, 469 U.S. 241, 245-246 (1985). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time.  United States v. Boyle, supra at 246; sec. 301.6651-1(c)(1), Proced. and Admin. Regs.  The addition to tax equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent.  Sec. 6651(a)(1).

Petitioner made no attempt to comply with the law. Accordingly, respondent's determinations with respect to the additions to tax under section 6651(a) are sustained.

The final issue for decision is whether petitioner is liable for the additions to tax imposed under section 6654.  Respondent determined that petitioner was liable for additions to taxes under section 6654(a) for failure to pay estimated income tax for the years in issue.  Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654 is automatic, unless petitioner shows that one of the statutory exceptions apply.  <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980).  Petitioner bears the burden to show qualification for such exception.  <u>Habersham-Bey v. Commissioner</u>, 78 T.C. 304, 319-320 (1982).  Petitioner has not sustained this burden.  Petitioner's employer did not withhold any Federal income taxes from petitioner's 1989, 1990 or 1991 wages because petitioner filed "exempt" status.  Petitioner did not make any estimated tax payments for the years in issue.  Accordingly, we hold that petitioner is liable for the additions to tax under section 6654 for the years in issue.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.