T.C. Memo. 1996-161

UNITED STATES TAX COURT

TED COWAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23292-94.                    Filed March 28, 1996.

Ted Cowan, pro se.

<u>Julie L. Payne</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]  Respondent determined a deficiency in petitioner's 1989

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in

Federal income tax in the amount of $1,249 and an addition to tax pursuant to section 6651(a) in the amount of $312.25.

The issues for decision are: (1) Whether petitioner is liable for Federal income tax on the proceeds from the sale of property and Social Security benefits received during the year in issue; (2) whether section 6501 bars assessment and collection of petitioner's tax; and (3) whether petitioner is liable for an addition to tax pursuant to section 6651(a).

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Issaquah, Washington, on the date the petition was filed in this case.

Petitioner failed to file his Federal income tax return for the taxable year 1989 despite receiving proceeds from the sale of property in the amount of $10,500 and Social Security benefits in the amount of $4,884. Respondent determined a deficiency in petitioner's Federal income tax based on a "Seller's Tax Reporting Information for I.R.S." form prepared by Puget Sound Mortgage & Escrow, Inc. (Information Report)[2] and Form 1099-SSA and determined an addition to tax thereon.

issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Information Report was filed by the mortgage company conducting the settlement of petitioner's property.

Petitioner testified that he sold unimproved land which he had inherited from his grandmother.  Petitioner failed to produce any evidence of a basis[3] in the inherited property.  However, the Information Report reflected that the seller of the property was petitioner <u>and</u> "Lola Cowan".[4]  In addition, the Information Report reflected that the sellers' net proceeds were $9,007.08.  In his petition and at trial, petitioner raised traditional "tax protester" type arguments alleging that respondent is barred from making an assessment after 3 years.

Respondent's determinations as to petitioner's tax liability are presumed correct, and petitioner bears the burden of proving otherwise.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Section 61 defines gross income as all income from whatever source derived.  Included within the definition of gross income is "Gains derived from dealings in property".  Sec. 61(a)(3).  However, expenses paid in connection with the disposition of real property ordinarily are capital expenditures which must be offset against the selling price in determining the gain or loss.  <u>Gunn v. Commissioner</u>, 49 T.C. 38, 52 (1967).

The Information Report reflected that petitioner <u>and</u> Lola Cowan were the sellers of the unimproved land.  Petitioner

---

[3]    Sec. 1014(a)(1) provides that the basis of property acquired from a decedent is generally the fair market value of the property at the date of the decedent's death.

[4]    Lola Cowan is believed to be petitioner's wife.

testified that the unimproved land was inherited from his grandmother and was free and clear of any encumbrances. The Information Report further reflected that the net proceeds received by the sellers were $9,007.08. The difference between the sales price of $10,500 and the net amount received of $9,007.08 by the sellers represents selling expenses in the amount of $1,492.92.

Moreover, petitioner and Lola Cowan were residents of the State of Washington during the year in issue. Washington is a community property state. Petitioner's testimony was that he inherited the property from his grandmother. Inherited property constitutes separate property in Washington and is not subject to the community property rules. Wash. Rev. Code Ann. Sec. 26.16.030 (1989). However, the Information Report reflects the sellers of the property to be petitioner and Lola Cowan. Petitioner and Lola Cowan as the listed sellers on the Information Report is compelling evidence which suggests that, if the property was separate property, it was converted to community property. See Volz v. Zang, 113 Wash. 378, 194 P. 409 (1920).

Individuals who are married and reside in a community property state must each report one-half of their community property income if they file separately for Federal income tax purposes. United States v. Mitchell, 403 U.S. 190 (1971). Therefore, we hold that petitioner must report only one-half of

the net proceeds from the sale of the unimproved land in the amount of $4,503.54.

With respect to the Social Security benefits, section 86(a) provides that gross income includes Social Security benefits in the amount equal to the lesser of: (1) One-half of the Social Security benefits received during the year, or (2) one-half of the excess over certain base amounts. The base amount for a taxpayer using married filing separately status is zero if the taxpayer lived with his spouse at any time during the year. Sec. 86(c)(3).

Petitioner failed to present any evidence contrary to respondent's position that one-half of petitioner's Social Security benefits were taxable. Rule 142(a). Accordingly, we hold that one-half of petitioner's Social Security benefits in the amount of $2,442 is taxable. Sec. 86(a).

We need not address petitioner's tax protester arguments, which have been rejected repeatedly by the courts. For 1989, petitioner was required to file an income tax return[5] and was required to pay taxes thereon. See secs. 1, 61, 6011, 6012, 7701(a). Petitioner is raising traditional protester arguments. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). In Crain v. Commissioner, supra at 1417, when a tax protester raised

_____

[5] For 1989, a taxpayer with married filing separately filing status is required to file if his gross income exceeds $4,600 (the standard deduction of $2,600 plus the personal exemption of $2,000).

similar arguments the Court of Appeals for the Fifth Circuit opined: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."

This Court and the Court of Appeals for the Ninth Circuit have held petitioner's arguments to be nothing more than tax protester rhetoric and legalistic gibberish.  See Fuller v. United States, 786 F.2d 1437 (9th Cir. 1986); Hudson v. United States, 766 F.2d 1288 (9th Cir. 1985); United States v. Romero, 640 F.2d 1014 (9th Cir. 1981); Woods v. Commissioner, 91 T.C. 88 (1988); Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Snyder v. Commissioner, T.C. Memo. 1995-405; Devon v. Commissioner, T.C. Memo. 1995-206; McGanty v. Commissioner, T.C. Memo. 1995-178; Diehl v. Commissioner, T.C. Memo. 1990-48.

Petitioner contends that the tax liability for the taxable year in issue is uncollectible because respondent failed to make an assessment within 3 years.  However, pursuant to section 6501(c)(3), in the case of the failure to file a return, the tax may be assessed or a proceeding in court for the collection of such tax may be begun without assessment at any time.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes: (1) The failure did not result from "willful neglect"; and (2) the

failure was "due to reasonable cause". "Willful neglect" has been interpreted to mean a conscious, intentional failure, or reckless indifference. United States v. Boyle, 469 U.S. 241, 245-246 (1985). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. Id. at 246; sec. 301.6651-1(c)(1), Proced. and Admin. Regs. The addition to tax equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1).

Petitioner presented no evidence of reasonable cause or any evidence of attempts made to comply with the law respecting the timely filing of returns. Accordingly, respondent's determination with respect to the addition to tax under section 6651(a) is sustained.

To reflect the foregoing,

Decision will be entered under Rule 155.