T.C. Memo. 1997-48


UNITED STATES TAX COURT


WAYNE D. BUMGARNER, Petitioner <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket No. 407-95.                    Filed January 27, 1997.


     P instituted this proceeding claiming that his
wages and nonemployee compensation are not income
subject to tax.  <u>Held</u>:  R's determinations of income
tax deficiencies and additions to the tax under secs.
6651(a) and 6654(a), I.R.C., are sustained.  <u>Held</u>,
<u>further</u>, on the Court's own motion P must pay a penalty
to the United States in the amount of $1,000 since P's
position in this proceeding is frivolous and
groundless.  Sec. 6673(a), I.R.C.


Wayne D. Bumgarner, pro se.

<u>Shirley M. Francis</u>, for respondent.

MEMORANDUM OPINION

NIMS, Judge:[*]  By separate statutory notices of deficiency issued on October 11, 1994, respondent determined the following deficiencies in, and additions to, the Federal income tax of Wayne D. Bumgarner (petitioner or Bumgarner):

|        |            | Additions to Tax | |
| Year   | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| ------ | ---------- | ------------ | ------------ |
| 1987   | $3,673     | $393         | $56          |
| 1991   | 814        | 100          | --           |
| 1992   | 8,747      | 2,187        | 383          |
| 1993   | 12,351     | 3,088        | 581          |

Petitioner conceded all issues set forth in the notices of deficiency, except the adjustments for wages and nonemployee compensation, and the additions to tax under section 6651(a) for failure to file returns for the taxable years in issue and section 6654(a) for failure to pay estimated taxes for 1987, 1992, and 1993.  Furthermore, petitioner conceded that he would be liable for the additions to the tax under sections 6651(a) and 6654(a) if the Court were to hold that his wages and nonemployee compensation are subject to income tax.

The sole remaining issue for decision is whether petitioner's wages and nonemployee compensation should be included in his gross income for income tax purposes for the

_____

[*]This case was submitted to Judge Arthur L. Nims, III, by Order of the Chief Judge.

years in question. For the reasons that follow, we hold that they should.

All section references, unless otherwise specified, are to sections of the Internal Revenue Code in effect for the years in issue.

This case was submitted on a full stipulation of facts, and the facts are so found. This reference incorporates herein the stipulation of facts and attached exhibits. Petitioner resided in Eugene, Oregon, at the time he filed his petition.

## Background

Petitioner failed to file Federal income tax returns for the taxable years 1987, 1992, and 1993, and untimely filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1991 on August 19, 1994. Consequently, substitute returns were prepared by respondent in connection with her examination of petitioner's tax liability for those years. Respondent premised the substitute returns on information provided by payers of the gross income and third party recordkeepers.

During 1987, petitioner was employed by the City of Eugene and was paid $25,584. The City of Eugene withheld Federal income tax of $2,103 from petitioner's wages during 1987. Petitioner also earned $48 of interest income in 1987 from one or more unspecified sources.

During 1991, petitioner worked for Emerald Valley Development (Emerald Valley), and was paid $3,000. Emerald

Valley withheld Federal income tax of $540.20 from the wages paid to petitioner during 1991. Petitioner also received unemployment compensation of $7,904 from the State of Oregon in 1991. Furthermore, in that year petitioner earned interest income from Amvesco, Inc., d/b/a Western Pioneer Title Co., in the amount of $18.91, and interest income of $58 from the Public Employees Federal Credit Union. No Federal income tax was withheld from either distribution of interest.

During 1992 and 1993, petitioner received $31,750 and $42,000, respectively, in nonemployee compensation from MYCO Financial, Inc. (MYCO). These amounts were reported on Forms 1099-MISC issued to petitioner for each of those years. No Federal income tax was withheld by MYCO from payments made to petitioner during 1992 and 1993. Petitioner also received unemployment compensation during 1992 in the amount of $1,235 from the State of Oregon. Also, in 1992 Bumgarner earned Schedule A income of $300 from Bungee Masters, Inc. and $13 from Melaleuca, Inc. (Melaleuca). In 1993, petitioner received $151 of interest income from one or more unspecified sources. He also earned $33 of Schedule A income from Melaleuca in that year.

## Discussion

We must decide whether petitioner's wages and nonemployee compensation should be included in his gross income for income tax purposes for the years at issue.

The gist of petitioner's position is common to so-called tax protesters, despite his repeated claims that he should not be so pigeonholed. Petitioner admits that he exchanged his labor for the amounts paid to him during the relevant taxable years. Nevertheless, petitioner maintains that such an exchange does not constitute a taxable transaction as long as it was even. Since the value of his labor equaled or exceeded the value of the wages and nonemployee compensation he received in exchange therefor, petitioner theorizes, he did not realize a gain. Therefore, no part of his remuneration is subject to income tax. In so arguing, petitioner contends that section 83 authorizes the requisite specific exclusion from gross income for compensation received for services rendered, since "[petitioner's basis (cost) is the * * * [fair market value] of his services, [and] this amount is deductible as cost" under the statute. Respondent demurs to all of petitioner's assertions.

We agree with respondent and hold that the wages and other compensation attributed to petitioner in the notices of deficiency are taxable income.

"Except as otherwise provided", wages, salaries, commissions, and other compensation received in consideration of services or labor performed are included in the recipient's gross income for income tax purposes. Sec. 61(a)(1); Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729 (1929); Tyee Realty Co. v. Anderson, 240 U.S. 115 (1916); Brushaber v. Union Pac. R.R. Co.,

240 U.S. 1 (1916); secs. 1.61-1 and 1.61-2(a)(1), Income Tax Regs.

The argument that compensation received in exchange for labor is nontaxable has been rejected by this Court and others on myriad occasions. See, e.g., Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986), ("Wages are income, and the tax on wages is constitutional".); Rowlee v. Commissioner, 80 T.C. 1111, 1120-1122 (1983); Reading v. Commissioner, 70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Janus v. Commissioner, T.C. Memo. 1996-195; see also Rice v. Commissioner, T.C. Memo. 1982-129, in which we held that "whether or not wages can be characterized as the product of an exchange, they are still income within the Constitutional embrace."

Despite this overwhelming body of law, petitioner asserts that section 83 provides the specific exclusion from gross income for compensation that section 61 requires. As stated by the Court of Appeals for the Seventh Circuit, "Some people believe with great fervor preposterous things that just happen to coincide with their self-interest." Coleman v. Commissioner, supra at 69. Petitioner claims that section 83 entitles him to deduct the fair market value of his services from the amount he receives in exchange therefor, unless he elects otherwise. However, income tax deductions are a matter of legislative grace, and are set forth in specific statutory provisions. New Colonial

Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  No such deduction is authorized by section 83.

Section 83(a) provides, in general, that the fair market value of property transferred in connection with the performance of services, over the amount (if any) paid for such property, is included in the gross income of the person who performed the services in the first year in which the transferee's rights in the property are not subject to a substantial risk of forfeiture. Property, for purposes of section 83, is defined as "real and personal property other than * * * money or an unfunded and unsecured promise to pay money or property in the future."  Sec. 1.83-3(e), Income Tax Regs. (Emphasis added).  Section 83(b) offers an election to include such property in gross income in the actual year of transfer instead.

Section 83 is inapplicable to the instant case for several reasons.  Section 83(b) is an alternate timing provision; it does not provide that property received for services is excludable from gross income unless one elects to so include it, as petitioner posits.  Moreover, petitioner received cash or checks as compensation, both of which fall outside of the definition of property for section 83 purposes.  Finally, Bumgarner has no basis in his labor and, therefore, nothing to deduct.  See Reading v. Commissioner, supra at 734, holding that "One's gain, ergo his 'income,' from the sale of his labor is the entire amount received therefor".

We have considered petitioner's other arguments and, to the extent they are decipherable, find them devoid of merit.

We turn now, on our own motion, to the imposition of a penalty against petitioner pursuant to section 6673(a).

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

A petition to the Tax Court exhibits frivolity "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, supra at 71. Petitioner's position, as set forth in the petition and answering brief, consists mainly of hackneyed tax protester blather, interspersed with choice obloquies directed at respondent. Petitioner would subject one's wages and other compensation to tax only to the extent that he or she elects to include them in gross income. Based on well-established precedent, such a posture is frivolous and obtuse.

In light of the above, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $1,000. See Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); Coulter v. Commissioner, 82 T.C. 580,

584-586 (1984); <u>Abrams v. Commissioner</u>, 82 T.C. 403, 412-413 (1984); <u>Snyder v. Commissioner</u>, T.C. Memo. 1995-405.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.